## No. 10,187.

### O'DONNELL *v.* THE PEOPLE.

Decided February 6, 1922.

Plaintiff in error was convicted of the crime of robbery.

*Affirmed.*

*On Application for Supersedeas.*

1.  CRIMINAL LAW—*Confessions.* Where a statement of a defendant in a criminal case, made before trial, contains an admission that it was freely and voluntarily made, without threats or promises, which admission is supported by testimony, the statement is admissible in evidence.

    In passing upon the question of admissibility, considerable discretion is vested in the trial court.

*Error to the District Court of the City and County of Denver, Hon. H. E. Munson, Judge.*

Mr. MORTON M. DAVID, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES R. CONLEE, assistant, Mr. SAMUEL CHUTKOW, assistant, for the people.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, (hereinafter referred to as defendant) was convicted on a charge of robbery. To review that judgment he brings error and asks the issuance of a *supersedeas*. Defendant's reply brief was filed herein November 8, 1921. Action has been thus delayed by reason of the illness of the Justice to whom the cause was first assigned.

The only assignment of error argued in the briefs is the third, *i. e.*, that the trial court improperly admitted evidence of an involuntary confession. This confession was a transcript of short-hand notes of questions and answers wherein defendant admitted his guilt and gave in detail his version of the transaction. It was overwhelmingly proven and undisputed. It disclosed that defendant had been duly cautioned and that his statements were voluntary. When offered in evidence the jury was excused and witnesses examined by the court as to the character of the confession. Four of these corroborated the confession in this particular. They testified that it was freely given without coercion or inducement. The court so found and gave to the jury two instructions on the subject exceedingly favorable to defendant.

Where such a statement contains an admission that it was freely and voluntarily made, without threats or promises, and that admission is supported by the testimony of persons present at the time, the statement is admissible in evidence. In passing upon the question a considerable discretion is vested in the trial court. 16 C. J. 735. That discretion was not abused in the instant case.

Not only is the record exceptionally free from error and the verdict amply supported by the evidence, but no other was possible thereunder. The *supersedeas* is denied and the judgment affirmed.

MR. JUSTICE TELLER sitting as Chief Justice.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BAILEY not participating.