No. 10,639.

BUSCHY *v.* THE PEOPLE.

Decided June 4, 1923.

Plaintiff in error was convicted of a second violation of the prohibition laws.

*Affirmed.*

*On Application for Supersedeas.*

1. CRIMINAL LAW—*Evidence—Confessions.* Abusive language alone, used towards a defendant in procuring a statement from him, will not vitiate a confession, the admission of which in evidence, is largely within the discretion of the trial court.

Section 6787, C. L. '21, concerning confessions, has nothing to do with the admissibility of such evidence.

2. APPEAL AND ERROR—*Harmless Error—Confessions—Evidence.* In a criminal case the court declined to exclude the jury while testimony concerning the admissibility of a confession was being taken. The confession having been properly admitted in evidence, the error, if any, in refusing to exclude the jury, was harmless.

3. *Questions not Raised Below.* Questions not raised in the trial court will not be considered on review.

*Error to the District Court of Teller County, Hon. Arthur Cornforth, Judge.*

Mr. FRANK J. HANGS, for plaintiff in error.

Mr. RUSSELL W. FLEMING, attorney general, Mr. HAROLD CLARK THOMPSON, assistant, for the people.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

BUSCHY was convicted and sentenced for a second violation of the prohibition laws. He comes here on error and moves for a supersedeas on the ground that a confession which was admitted in evidence was not shown to be uninfluenced by improper inducements.

The prisoner was taken by the sheriff and his deputy to the deputy district attorney, where, after a long conversation, he confessed that the liquor found on his premises, for the possession of which he was afterwards prosecuted and convicted, was his and that he got it in Pueblo. During this talk the deputy district attorney cursed him, called him a "God damned liar", said he should be in the penitentiary, and verbally abused him in a loud, vehement and angry manner for some time before the confession was given, but made no threat or promise nor any suggestion of advantage in a confession; no physical violence was used, nor was there evidence of any fear which induced the confession.

Upon these facts, the matter being largely in the discretion of the trial court (*O'Donnell v. People,* 71 Colo. 113, 204 Pac. 330), we cannot say there was error in the admission of the confession. Its weight, of course, was for the jury.

We have been furnished with no authority and have found none holding that abusive language alone will vitiate a confession and it would seem that the legislature while condemning it so severely as to make it felony if successful in producing fear (C. L. § 6787), still was careful to leave it open to the court to admit evidence of the confession so procured. C. L. § 6788.

If it be true that the fundamental ground of the rule

against receiving confessions induced by threats or promises is that the credibility of the confession is destroyed, then the test should be whether the inducement was sufficient to persuade one like the accused to confess falsely. That such is the reasonable ground and the one best supported by authority is shown in Wigmore on Evidence (1st Ed.) § 822, et seq., where, among many citations, the author quotes the dissenting opinion of Mr. Justice Wells of this court in *Beery v. United States*, 2 Colo. 210, 211, to that effect. (It must be noted that that part of his opinion was not inconsistent with the opinion from which he dissented.) What was there in the treatment of Buschy that would lead any ordinary man to falsely state that he was guilty?

Plaintiff in error invokes C. L. § 6787 making it a felony "by * * * violent or profane words or language or by exhibitions of wrath" * * * "to put in fear * * * any person * * * for the purpose of inducing * * * such person * * * to make a confession * * *." and argues that since the confession was obtained in this manner it is incompetent. He does not cite, however, § 6788, the second section of the same act, S. L. 1909, Ch. 195, "Nothing in this act shall be construed to alter or affect in any manner whatever the rules of evidence, * * *" which avoids his argument.

The court declined to exclude the jury while the testimony concerning the admissibility of the confession was taken, but, right or wrong, this was harmless since we hold it properly admitted. If the confession had been rejected after such testimony before the jury different questions would have arisen.

It is argued that the refusal to exclude the jury prevented the defendant from testifying as to what induced his confession, but we have not found that he made this point in the court below or indicated then that he wished to testify on this point.

It is objected that the court held that it was not for the people to show the confession to be voluntary, but for the

accused to show it to be involuntary.  The judge said something that might be so interpreted but made no ruling involving the point.

Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE sitting for MR. JUSTICE WHITFORD, concur.