No. 17,626.

RONALD McCONNELL *v.* PEOPLE OF THE STATE OF COLORADO.

(287 P. [2d] 659)

Decided September 12, 1955.

296

Mr. Sol Cohen, Mr. A. E. Small, Jr., for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy Attorney General, Mr. Norman H. Comstock, Assistant Attorney General, for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

Plaintiff in error, hereinafter referred to as defendant, was convicted of statutory rape and sentenced to a term in the state penitentiary. Defendant was charged jointly with four others for the same offense, but was separately tried. His counsel bring the case here by writ of error.

Writs of error in criminal cases are governed by the rules pertinent to such cases. It is incumbent on counsel for a defendant in a criminal case to file in this Court an abstract of record and an assignment of errors relied upon for reversal. In the instant case the abstract of record submitted recites the charge and the defendant's plea of not guilty, together with the verdict of the jury and the sentence imposed pursuant to the judgment of conviction. This embraces everything submitted as an

abstract of record. Patently this is insufficient and would justify us in declining to consider any of the points urged for reversal. We have, nevertheless, duly considered the entire record, embracing the testimony of the seven witnesses for the People and the two witnesses for the defendant, together with the exhibits offered. The testimony covers more than five hundred folios, which we have carefully considered, and we are satisfied that no prejudicial error was committed, and that the jury could not have rendered any other verdict than the one which was returned.

It appears that defendant was one of five young men who, at about midnight, were in an automobile parked near 16th and Stout Streets in Denver, when the complaining witness, a girl sixteen years of age, on her way home from her employment, was going down Sixteenth Street toward Arapahoe Street for the purpose of boarding a bus. One of the five young men got out of the automobile as she passed along the sidewalk, accosted her and hustled her into the automobile; she was then driven to a point in Adams County where she testified the defendant had sexual relations with her. She testified that she screamed when she was pushed into the automobile, which was denied by the defendant. However, a motorist passing the scene at the same time testified that he saw a man take hold of a woman, and that she screamed and was pushed into a car in which several men were seated and that the car immediately drove off. This witness wrote down the license number of the car into which the woman was pushed and it corresponded with the license number of the car into which the complaining witness was pushed. It was doubtless through the alert action of the passing motorist that the offending parties were apprehended. A physical examination of the prosecutrix made immediately after the event revealed that she had very recently cohabited with a male person. Under the charge as laid, there was no need to show force in the commission of the rape charged.

■ For reversal it is urged that defendant was not permitted to challenge the credibility of the complaining witness in the "accuracy of her identifying defendant as the culprit." We find no merit in this contention, for the defendant as a sworn witness in his own behalf admitted that the prosecutrix was in the car with him and the other men; that they went to a remote place in Adams County; and that he made advances to her, whereupon she bit him on the shoulder, and that thereafter he tried to have intercourse with her, but whether or not he succeeded in his effort he said, "She'll know if I did it." The trial court allowed counsel for defendant all possible latitude in the matter of the identification of the victim's assailant; and in view of the admissions made by defendant, we find no ground for reversal in this assignment.

■ A signed statement of the defendant, executed in the headquarters of the Denver police department, was introduced in evidence. In this statement he said he was drunk. The following question and answer appear in this statement: "Q. Did you make penetration with your privates in her privates? A. She could tell better than I could. I don't know. That is the truth, sir. I don't know if I did or not." In this statement the defendant corroborated the time and place when the complaining witness entered the automobile, where they went and the fact that he was alone with the prosecutrix in the car at the time that she said she was raped. This statement is referred to by counsel for defendant as a confession and they now urge that it was inadmissible because the trial court did not, out of the presence of the jury, determine the question of whether or not the signed statement was voluntary on the part of the defendant. Ordinarily the question of the admissibility of such a document is determined by the trial court out of the presence of the jury when it is contended that it was obtained by coercion, threats, intimidation or promises. Under this record the fact that the trial court did not hold a hear-

ing on this question out of the presence of the jury was not prejudicial. The statement was, under this record, admissible. In *Cahill v. People,* 111 Colo. 29, 137 P. (2d) 673, we said, "* * * it also is certain that a failure to observe the procedural requirements of the general rule [relating to confessions or statements of defendant] is not fatal when the defendant is not prejudiced thereby. See *Buschy v. People,* 73 Colo. 472, 216 P. 519, * * *." The Cahill case is cited with approval in *Roper v. People,* 116 Colo. 493, 179 P. (2d) 232. A very clear statement of the rule is found in *Bruner v. People,* 113 Colo. 194, 156 P. (2d) 111.

In the instant case the court instructed the jury on the question of the voluntariness of the statement in accordance with the rule laid down in the Bruner case, *supra.* We observe no prejudice to the defendant because the trial judge admitted the statement without a preliminary hearing out of the presence of the jury.

We do not regard the statement signed by the defendant as a confession. It was at most an admission if the facts therein acknowledged raise an inference of guilt only when considered with other facts. See *Bruner v. People,* supra, and *Walker v. People,* 126 Colo. 135, 248 P. (2d) 287.

In view of the admissions made by defendant as same appear in this record, we perceive no merit in the contention that the admission of the signed statement in any manner prejudiced defendant.

Other matters are urged but merit no discussion as we are satisfied that the defendant was in no way prejudiced thereby.

The judgment is affirmed.