No. 18,142.

JERRY WILLIAMS *v*. PEOPLE OF THE STATE OF COLORADO.
(315 P. [2d] 189)

Decided September 3, 1957.

Mr. A. E. SMALL, JR., for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

THIS court has promulgated rules applicable in criminal cases. Counsel for plaintiff in error, in disregard of said rules, has filed what is labeled an abstract of the record, and is similar, in nearly all respects, to the abstract filed by same counsel in a previous case, *McConnel v. People*, 132 Colo. 295, 287 P. (2d) 659, in which counsel had timely admonition concerning the abstract. As suggested there, we would be justified in declining to consider the points urged for reversal; however, since the other points involved so clearly demonstrate counsel's obliviousness to many decisions of this court, we feel constrained to comment thereon.

The so-called abstract of record herein recites the charge and defendant's plea of not guilty; the verdict of the jury and the sentence imposed thereon; and three assignments of error. Such cannot be dignified by the title "Abstract of Record," as is so clearly pointed out in *McConnell v. People*, supra.

The assignments of error, entirely without merit, are:

1. The trial court erred in failing to grant defendant's motion for a directed verdict at the close of the People's case.

2. Failure to grant defendant's motion for a directed verdict at the conclusion of all the evidence.

3. Error in failing to grant defendant's motion to suppress evidence obtained as a result of an unreasonable and illegal entry and illegal search.

At the close of the people's case, defendant moved for a directed verdict. Upon denial of this motion, defendant neglected to stand on said motion and waived the error, if any, by introducing evidence for the defense, which action resulted in leaving but one question, and that is, whether the evidence was sufficient to sustain the conviction. This requires a brief statement of the facts involved.

This is a flagrant case of a violation of the "narcotics act." This defendant and his confederate, the other co-defendant, were caught red-handed in the possession and intended traffic of heroin. A most despicable activity. All that an unlawful dealer in narcotics needs is a semi-secluded location, a list of addicts and the soul of an ostracized rat. The codefendants, Jerry Williams and Bobbie Lou Dedman, were jointly charged in separate counts with possession of heroin and conspiracy to commit the offense of possession thereof. Pleas of not guilty were entered and the trial to a jury resulted in verdicts of guilty on both counts on September 6, 1956. Motion for new trial was filed and denied, as well as application for probation, and Williams was sentenced to the state penitentiary for a term of not less than eighteen months nor more than five years. Since no review is sought by codefendant Dedman, it is immaterial for our present purposes to discuss the disposition of her case by the trial court.

Summary of the facts disclose that on the 26th day of January, 1956, the Bureau of Narcotics in San Francisco informed the Denver office by teletype that Barbara Williams left San Francisco for Denver by plane; that at the airport she picked up six ounces of heroin; that she would stay in Denver with Jerry Williams, 2221 Humboldt street, and would there be joined by one Tom Hicks, said to be implicated in narcotic traffic; and that they expected to establish outlets for the heroin brought to Denver from San Francisco.

Upon receipt of this teletype the agents of the Denver narcotics bureau placed the address given under surveillance, and the aid of Denver policemen was used. Police Officer Cox testified that on January 28, 1956, he obtained entrance to 2221 Humboldt street by appearing at the back door under the pretense that he was a telephone service repairman. He immediately went to the front door and admitted other law enforcement officials. Mr. Wilson, the district supervisor of the narcotics bu-

reau, testified that he had kept the place under surveillance from 3:00 o'clock P.M. January 27, 1956, until the time of the arrests. Officer Russell testified that after admittance to the address above given he started to search the house and in the bedroom of Bobbie Lou Dedman, who was in bed, he found the Exhibits A, B, C and D (which is the heroin) in the pockets of two coats belonging to Bobbie Lou Dedman. Jerry Williams had leased the premises and retained a room for his occupancy, which he surrendered upon the arrival in Denver of Dedman; however, he left his clothes in the room. When the officers arrived, ostensibly to search the premises, permission was given by each and all of the occupants of the premises to conduct the search.

It further appears that the heroin was brought to defendant's room by Dedman from San Francisco at the request of defendant, who took the narcotics to the basement of his home to separate the marijuana from the heroin. All the circumstances here are consistent with defendant's guilt and exclude reasonable hypothesis of his innocence. It is not required that sole and exclusive possession is necessary to establish defendant's guilt of unlawful possession. Defendant denied any knowledge of the affair; however, the jury resolved that question against him, and in doing so, had full basis therefor in the evidence.

■ On the question of denying defendant's motion to suppress the exhibits (the heroin) counsel contends that these exhibits were not admissible, because they had been obtained by an unreasonable search and seizure contrary to the Colorado Constitution. First of all the search loses its illegal effect when defendant, complaining thereof, gave permission for such a search of the premises. This consent removed the applicability of the constitutional guaranty.

Regardless of whether the search was legal or illegal, the exhibits were properly admissible in evidence because they were pertinent to the issue. *Massantonio v.*

*People,* 77 Colo. 392, 236 P. 1019, and other Colorado cases. We perceive of no valid reason for overruling our prior decisions on this question.

It thus appears that guilt was clearly established, and the jury thought so as well, and it further appearing that no error obtained in the trial, the judgment of the trial court is affirmed.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE FRANTZ concur in the determination of the issues involved on the merits. They do not join in the criticism of counsel contained in the opinion of the Court.

MR. JUSTICE DAY not participating.