## No. 22646.

ROBERT R. RAPUE *v.* THE PEOPLE OF THE STATE OF COLORADO.

*(466 P.2d 925)*

Decided March 23, 1970.     Rehearing denied April 13, 1970.

MELLMAN, MELLMAN & THORN, ISAAC MELLMAN, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, PAUL D. RUBNER, Assistant, AUREL M. KELLY, Assistant, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MCWILLIAMS.

ROBERT R. RAPUE, a 32-year-old judo and karate instructor, was convicted by a jury of the crime of taking indecent and improper liberties (1965 Perm. Supp., C.R.S. 1963, 40-2-32) with one of his students, Norman R., age 15. Rapue, who will hereinafter be referred to as the defendant, was thereafter sentenced to a term of from six to ten years in the state penitentiary. By this writ of error the defendant now seeks reversal of the judgment and sentence thus imposed.

The various reasons advanced by counsel as to why this case should be reversed are classified as follows: (1) the generally improper conduct on the part of the district attorney throughout the course of the entire trial, including improper cross-examination, closing argument,

and the like; (2) the generally improper conduct on the part of the trial judge, including what is labeled as patent inconsistency in his numerous rulings on various and sundry evidentiary matters, all of which are said to have conveyed to the jury the impression that the trial judge was biased in favor of the People's case thereby preventing the defendant from having a fair and impartial trial; and (3) the refusal of the trial court to compel the district attorney to deliver to counsel for the defendant certain notes which the district attorney made while questioning Norman a few days before trial.

█ We perceive no prejudicial error in the trial of this case and conclude that the judgment must be affirmed. In order to give meaning to our conclusion, brief reference to the evidence is necessary.

Norman was the only witness called by the People in their case-in-chief. Without going into detail, Norman testified that the defendant took indecent liberties with him in a room off the judo and karate gym. Norman described the room in which the indecent acts occurred as a bedroom, though the same room was euphemistically referred to by the defendant as a first aid station.

The defendant denied that he ever, at any time or in any manner, took indecent or improper liberties with Norman. To explain why Norman would accuse him of such misconduct, the defendant testified that on the very day when the offense allegedly occurred, he caught Norman stealing and that he was in the process of reporting Norman's misconduct to the latter's father when Norman retaliated by falsely accusing him. The defendant called some nine witnesses, including other judo students, parents who had brought their children to the judo classes on the day in question, and other instructors in the judo school, who generally corroborated the defendant's testimony concering the theft allegedly committed by Norman and also offered testimony which conflicted with Norman's testimony as to the time of day when the indecent acts were claimed to have occurred.

By way of rebuttal testimony, the district attorney attempted to show that the defendant's entire case was a fabrication. And several rebuttal witnesses did testify that the defendant had importuned them to sign what the witnesses characterized as false statements which were prepared in whole or in part by the defendant. The statements were to the effect that the offense could not have occurred at the hour when Norman testified it had occurred and that Norman on the day in question had been caught stealing from the school's petty cash fund.

It is at once obvious then that there was a rather sharp conflict in the evidence. Counsel concedes this to be the fact, but argues that the verdict, which he asserts was influenced by continuing misconduct on the part of the district attorney and the trial judge, was contrary to the overwhelming weight of the evidence.

■■ We have on many occasions held that it is not the duty of this Court to superimpose its judgment or conclusion for that of a jury when determining the veracity of witnesses. *Bustos v. People,* 158 Colo. 451, 408 P.2d 64. And similarly in the instant case it is not our duty to determine whether it was Norman or the defendant who was telling the truth. The jury has now resolved that particular issue. Rather, our only function in a review of this sort is to ascertain whether there is competent evidence to support the jury's verdict, and we hold that in the instant case there is such evidence. *Armstead v. People,* 168 Colo. 485, 452 P.2d 8.

■ Insofar as alleged misconduct on the part of the district attorney is concerned, we find nothing which would justify a reversal of the judgment. It may be that some of his cross-examination went a trifle too far and that perhaps he got a bit carried away in closing argument. But any error, if such it was, is not of any real significance. And this most certainly was not a one-sided affair, as counsel for the defendant was equally alert and aggressive; indeed the battle between counsel was for all practical purposes a standoff. This was a hotly con-

tested trial which lasted nearly six days and the reporter's transcript of the trial proceeding consists of nearly 2500 folios. In these circumstances it is not surprising that there was from time some evidence of short temper on the part of the participants. But we find nothing in this connection which is of such magnitude as would justify a reversal.

█ Similarly, we reject the argument that the trial judge was so obviously biased in favor of the prosecution that he thereby influenced the jury to the end that a guilty verdict, which would not otherwise have resulted, was nonetheless returned by the jury. Our review of the record convinces us that though from time-to-time there may well have been at least a degree of provocation, the trial judge at no time strayed outside the bounds of judicial propriety and did not by his conduct or utterances indicate a bias for or against either the People or the defendant.

█ As indicated above, defendant also predicates error on the refusal of the trial court to compel the district attorney to produce for inspection by the defendant certain notes which the district attorney made in an interview with Norman a few days before trial. In the words of the district attorney, these notes were intended "to guide" him in his direct examination of Norman. Colo. R. Crim. P. 16 does not cover or include the "work sheets" of a district attorney made by him in preparation for trial. *Hopper v. People*, 152 Colo. 405, 382 P.2d 540.

Counsel in the present proceeding did not participate in the trial of this case.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE HODGES and MR. JUSTICE GROVES concur.