### No. 22627

### No. 23306

**George I. Norman, Jr., A. Orville Helgeson and Gerald M. Swanson v. The People of the State of Colorado**
(496 P.2d 1029)

Decided April 24, 1972.

Morrato, Gueck & Colantuno, James J. Morrato, Edward H. Sherman, for plaintiffs in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, George E. De Roos, Assistant, for defendant in error.

*En Banc.*

JACK F. SEAVY, District Judge*, delivered the opinion of the Court.

This matter first came here under No. 22627. We remanded it to the trial court for consideration of a motion for relief on the ground of newly discovered evidence. The trial court denied this motion and that denial is before us in proceeding No. 23306. We ordered the two writs of error consolidated.

The defendants were convicted of false pretenses and conspiracy. The attorney general concedes that the evidence was not sufficient to convict the defendant Helgeson on false pretenses. We agree. We reverse the convictions and remand the case for a new trial as to all the defendants on the charge of conspiracy, and as to defendants Norman and Swanson on the charge of false pretenses.

The amended information contained six counts, as follows:

Count 1 — conspiracy to commit confidence game.

Count 2 — confidence game

Count 3 — false pretenses

Count 4 — false pretenses (of which the defendants were convicted).

Count 5 — conspiracy to commit false pretenses.

Count 6 — conspiracy to commit false pretenses (of which the defendants were convicted).

---

*District judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.

Immediately after the jury was selected the court required the district attorney to elect between certain counts and as a result of such election, Counts 3 and 5 were dismissed. At the conclusion of the People's case, the court entered judgments of acquittal as to Counts 1 and 2.

The original information contained Counts 1 and 2. Eight months after the filing of the original information and on the day prior to the trial date the court granted a motion of the district attorney to amend the information and added counts 3, 4, 5 and 6. Defendants requested a continuance and time to file motions directed against the new counts. A continuance was granted, but only for one week, and the request for time to file motions was denied.

Count 2 charged the defendants and others with a confidence game allegedly occurring on September 8, 1965. The alleged victims were members of the Fossum family and the Fossum Foundation, Inc. The factual situation giving rise to such charge involved the sale by defendants and purchase by the victims of certain real property located in Jefferson County and described at the trial as Troutdale in the Pines. The victims intended to purchase the property to be used to establish a religion-oriented college. The allegation is that the defalcations of the defendants resulted in the victims' being defrauded of approximately $65,000. The greater part of the evidence presented at trial concerned this transaction.

Count 4 charged the defendants with false pretenses, the alleged offense occurring on August 13, 1965. The facts giving rise to such charge involved the sale of a radio station known as KICM. It is alleged that the Fossum family and the Fossum Foundation were defrauded of $10,000, which was supposedly needed by defendants to effectuate the transfer to the purchasers of the license to operate the station.

It is apparent from the summary of the allegations set out in Counts 3 and 4 that the alleged victims of both crimes were the same. However, there the similarity ends. The same persons are not charged in both offenses, although we realize identity of defendants was not required by Crim. P. 8 as it existed at the time this case was filed. Material differences

exist as to the date of each offense, the amount of money involved, and the factual transactions specified in each count. Joinder under such circumstances was not sanctioned by Rule 8.

A fair trial is necessary to satisfy due process requirements of the federal and state constitutions. *People v. Abrahamsen,* 176 Colo. 52, 489 P.2d 206 (1971); *Oaks v. People,* 150 Colo. 64, 371 P.2d 443 (1962). The trial court breached the constitutional concepts of fundamental fairness by compelling defendants to stand trial on the combination of counts above set forth. The refusal of the court to grant defendants' request for a severance for trial requires reversal for a new trial.

While our comments on this point have been directed to Counts 2 and 4, the same reasoning applies to the companion conspiracy charges contained in Counts 1 and 6, respectively.

The trial in this case took fifteen days. The clerk's record and the reporter's transcript consist of over 1500 pages. Some 160 documents were marked as exhibits, and most of them were admitted in evidence. The briefs filed by the parties in this court exceed 500 pages. Numerous points were raised by the defendants which will not be discussed herein. This is not to say that such matters have not been examined by this court. However, discussion of all the points raised would serve only to unnecessarily lengthen this opinion, and would not be of any precedential value. The individual who served as district attorney in this case no longer serves in such capacity, so we do not examine his failure to disqualify himself because he was a defendant in a civil action brought by some of these defendants. Similarly, the false pretenses and confidence game statutes under which these prosecutions were brought [C.R.S. 1963, 40-14-2 and 40-10-1] have been repealed by Colo. Sess. Laws 1967, ch. 312, § 19. These offenses are now subsumed under the general theft statute, 1967 Perm. Supp., C.R.S. 1963, 40-5-2.

Several points discussed in the briefs concern matters that may arise during another trial, and the brief reference is made thereto. One Donald Fossum was a complaining witness in

the case and he testified at length during the trial. The record discloses that the factual matter upon which this prosecution was based had previously been the subject of inquiry by a grand jury in Jefferson County. The grand jury did not return an indictment. At the conclusion of the direct testimony of Mr. Fossum, defendants' attorney requested that he be furnished a transcript of the grand jury testimony. The court denied the request.

█ The matter of examination of grand jury testimony has recently been considered by this court in *Parlapiano, District Attorney v. District Court,* 176 Colo. 521, 491 P.2d 965, which was decided on December 20, 1971. The trial court did not have the benefit of our holding in the *Parlapiano* case at the time of trial, but the rationale of that case is applicable to this case upon a new trial. Examination of the grand jury testimony of a witness testifying at the trial is to be permitted whether the trial is upon an indictment or, as here, upon a direct information when the grand jury has not returned any indictment.

█ Defendants also sought examination of the district attorney's notes for the purpose of cross-examining certain witnesses. The notes of the district attorney are not within the ambit of Crim. P. 16, and are not to be furnished to defense counsel. *Rapue v. People,* 171 Colo. 324, 466 P.2d 925.

The transaction involved in this case was also the subject matter of a pending civil suit in the federal court. Defendants, contending that the allegations of the complaint in the federal court suit were inconsistent with testimony of plaintiffs in that suit who testified in this trial for the People, sought to use the complaint to cross-examine such witnesses. The court refused to permit such cross-examination primarily on the ground that the complaint was not verified by the witness involved.

█ Verification of a pleading is not prerequisite to the use of the pleading for purposes of impeachment. However, a proper foundation, disclosing the witness' familiarity with the contents of the document, is essential to its use for

impeachment. *Irvin v. Blair,* 100 Colo. 349, 68 P.2d 28. See also the annotation on this subject appearing in 63 A.L.R.2d 418.

The judgment is reversed and the cause remanded with directions that an order of dismissal on Count 4 be entered as to the defendant Helgeson, that all three defendants be granted a new trial on Count 6, and that the defendants Norman and Swanson be granted a new trial on Count 4.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE ERICKSON not participating.