### The PEOPLE of the State of Colorado, Petitioner,

### v.

### The DISTRICT COURT OF EL PASO COUNTY, and the Honorable Steven T. Pelican, one of the Judges thereof, Respondents.

#### No. 89SA132.

Supreme Court of Colorado, En Banc.

April 23, 1990.

John Suthers, Dist. Atty., and Gordon R. Denison, Deputy Dist. Atty., Colorado Springs, for petitioner.

David F. Vela, State Public Defender, and Theresa M. Cisneros and Nancy J. Lichtenstein, Deputy State Public Defenders, Colorado Springs, for respondents.

Norman S. Early, Jr., Dist. Atty., and Nathan B. Coats, Chief Appellate Deputy Dist. Atty., Denver, for amicus curiae, Denver Dist. Atty.

Justice LOHR delivered the Opinion of the Court.

In this original proceeding under C.A.R. 21, we issued a rule directing the respondent, El Paso County District Court,[1] to show cause why a writ should not issue determining that the district court abused its discretion in ordering certain discovery and in disqualifying the entire District Attorney's Office for the Fourth Judicial District from participating in *People v. Richard Allen Fink*, No. 88CR2163. The district court disqualified the prosecutor in that case and all members of the district attorney's office after ordering the prosecutor to produce and decipher notes from an interview of the complaining witness conducted by him in preparation for trial, submit to an interview by defense counsel and be endorsed as a witness for the defense. The district court's actions were based on defense counsel's argument that under former Crim.P. 16(I)(a)(1),[2] a prosecutor who takes a witness statement dur-

---

1. The respondents are formally designated as "The District Court of El Paso County, and The Honorable Steven T. Pelican, one of the Judges thereof." For brevity, we refer to the respondents collectively as "El Paso County District Court" or "district court."

2. The district court relied on the version of Crim.P. 16(I)(a)(1) that was repealed on July 1, 1985. The current version of Crim.P. 16(I)(a)(1) was adopted on July 1, 1985, and amended on September 9, 1985, effective January 1, 1986.

ing an interview conducted in preparation for trial incurs an obligation to disclose the statement, whether exculpatory or inculpatory, to the defense. We disagree with the standard applied by the district court in determining whether a prosecutor's notes of witness interviews need be disclosed, and remand the case for reconsideration under the proper standards. We also vacate the court's order to disqualify the entire district attorney's office and direct the district court to reconsider the disqualification motion after it resolves the disclosure issue.

## I.

On March 27, 1989, the date set for defendant Richard Allen Fink's trial in El Paso County District Court on charges of second degree burglary [3] and third degree assault [4] stemming from allegations made by an ex-girlfriend, Fink's attorney orally moved for discovery of any written statements made by the victim or other witnesses to Colette Barkey, a paralegal employed by the district attorney's office. Counsel further stated that under *People v. Thatcher*, 638 P.2d 760 (Colo.1981), the defense was entitled to all witness statements made to the prosecutor, including those recorded in handwritten notes taken a week earlier by the prosecutor during an interview of the victim in preparation for trial. The prosecutor agreed to release Barkey's notes but objected to turning over his own notes, arguing that they constituted work product and thus were not subject to discovery.

The district court reviewed the prosecutor's notes *in camera* and edited them to allow disclosure of material it considered discoverable under *People v. Thatcher* while keeping confidential material it judged to be work product. The district court then ordered the prosecutor to decipher his handwriting and provide typed copies of the discoverable portions of the notes to defense counsel.

The prosecutor again objected, arguing that work product remained among the unexpurgated portions of the notes and that the act of deciphering his notes for defense counsel itself constituted work product. Furthermore, the prosecutor argued, any such attempt to separate witness statements from work product would discourage prosecutors from taking notes and have a chilling effect on their efforts to prepare for trial.

The district court then excised some additional material, but overruled the prosecutor's other objections. The district court also granted defense counsel's request that the prosecutor submit to questioning concerning the statements made to him by the victim and memorialized in his notes. The interview was conducted that afternoon.

The next day, the district court granted defense counsel's motion to endorse the prosecutor as a witness for the defense, on the ground that his testimony would be required to impeach the victim should she deny making the statements recorded in the prosecutor's notes. Finally, the district court disqualified the prosecutor and the entire district attorney's office because one of its members was endorsed as a witness in the case, and ordered that procedures be begun to appoint a special prosecutor. The district court explained that its ruling was based on Crim.P. 16(I)(a)(1) and *People v. Thatcher*. The district attorney then sought relief by this original proceeding.

## II.

■ We first address the issue of whether an original proceeding is proper to review the district court orders challenged by the district attorney. The principles governing original proceedings under C.A.R. 21 are well-settled. Relief under C.A.R. 21 is an extraordinary remedy, limited in purpose and in availability. *McCall v. District Court*, 783 P.2d 1223, 1225 (Colo.1989); *White v. District Court*, 695 P.2d 1133, 1135 (Colo.1984). This court's original jurisdiction may be invoked and a rule to show

---

**3.** Second degree burglary of a dwelling, the crime with which Fink was charged, is a class three felony. § 18–4–203, 8B C.R.S. (1986).

**4.** Third degree assault is a class one misdemeanor. § 18–3–204, 8B C.R.S. (1986).

cause under C.A.R. 21 issued to test whether the trial court is proceeding without or in excess of its jurisdiction, or to review a serious abuse of discretion when an appellate remedy would not be adequate. *McCall,* 783 P.2d at 1225; *Halliburton v. County Court,* 672 P.2d 1006, 1009 (Colo. 1983). Relief in the nature of prohibition permits early correction of a trial court's rulings for these purposes, but is not to be used as a substitute for an appeal. *McCall,* 783 P.2d at 1225. The granting of relief under C.A.R. 21 is within the discretion of this court. *Id.; White,* 695 P.2d at 1135.

██ In the present case, the prosecutor contends that the district court grossly abused its discretion in ordering disclosure of the prosecutor's notes, allowing endorsement of the prosecutor as a defense witness and disqualifying the entire district attorney's office from the case. According to the prosecutor, an appellate remedy is unavailable because, absent this court's intervention, a special prosecutor will take the case to disposition or trial, effectively mooting the issue. Denial of relief, the prosecutor asserts, incorrectly construes Crim.P. 16(I)(a)(1) to impose a blanket requirement on prosecutors to disclose statements made by witnesses during interviews conducted in preparation for trial. In addition, the Denver District Attorney as *amicus curiae* argues that the Crim.P. 16(I)(a)(1) disclosure provisions are inapplicable to witness statements recorded by prosecutors, and that the district court should instead have analyzed the appropriateness of disclosure under Crim.P. 16(I)(a)(2). We conclude that we should exercise our discretion to determine whether the district court correctly ordered disclosure of the prosecutor's notes, which ruling formed the basis for the orders for endorsement of the prosecutor as a witness and for disqualification of members of the district attorney's office.

### III.

The Colorado Rules of Criminal Procedure provide an accused with three potential means for obtaining disclosure from the prosecution: Crim.P. 16(I)(a)(1), Crim.P. 16(I)(a)(2), and Crim.P. 16(I)(d)(1). Coupled with the provisions of Crim.P. 16(I)(e)(1) for protecting attorney work product and for excising it from discoverable material, the rules provide an efficient roadmap for identifying the materials that must be disclosed to the defense.

### A. *Excision of Work Product Under Crim.P. 16(I)(e)(1)*

After examining the prosecutor's notes *in camera,* the district court excised some parts of the material as work product not discoverable and made the remainder available to the defense. The district court correctly recognized the applicability of the work product doctrine and took the appropriate steps to enforce it.

██ The work product doctrine, although most frequently asserted as a bar to discovery in civil litigation, applies with equal, if not greater, force in criminal prosecutions. *See U.S. v. Nobles,* 422 U.S. 225, 236, 238, 95 S.Ct. 2160, 2169, 2170, 45 L.Ed.2d 141 (1975). Notes and worksheets of a prosecuting attorney or members of the prosecutor's staff ordinarily are considered nondiscoverable work product because they are prepared in anticipation of litigation. 2 W. LaFave & J. Israel, *Criminal Procedure* 497–98 (1984); *see Norman v. People,* 178 Colo. 190, 195, 496 P.2d 1029, 1031 (1972); *Rapue v. People,* 171 Colo. 324, 328, 466 P.2d 925, 927 (1970); *Hopper v. People,* 152 Colo. 405, 411, 382 P.2d 540, 543 (1963); *see also* Annotation, *Right of Defendant in Criminal Case to Inspection of Statement of Prosecution's Witness for Purposes of Cross–Examination or Impeachment,* 7 A.L.R.3d 181, at § 10(d) (1966 & Supp.1989) (citing cases permitting and others barring production of prosecutorial work product). Colorado has codified the prosecutorial work product "privilege" at Crim.P. 16(I)(e)(1), which states that "[d]isclosure shall not be required of legal research or of records, correspondence, reports, or memoranda to the extent that they contain the opinions, theories, or conclusions of the prosecuting attorney or members of his legal staff."

Although under Crim.P. 16(I)(e)(1), the work product of the prosecuting attorney or members of his legal staff is not discoverable, the rule does not operate to shield the entire contents of affected material. "When some parts of certain material are discoverable under the provisions of [the Colorado Rules of Criminal Procedure], and other parts are not discoverable, the nondiscoverable material may be excised and the remainder made available in accordance with the applicable provisions of these rules." Crim.P. 16(III)(e). Excision may be made in the first instance by the disclosing party, but the ultimate decision on the propriety of withholding excised information in the event of controversy must be made by the trial court. *See* II *ABA Standards for Criminal Justice* 11–4.5 commentary at 11.63 (2d ed. 1980); *see generally Pennsylvania v. Ritchie*, 480 U.S. 39, 59, 107 S.Ct. 989, 1002–1003, 94 L.Ed.2d 40 (1987). Resolution of discovery issues, including the determination of what material is work product and therefore not discoverable, generally is committed to the sound discretion of the trial court. *See Bond v. District Court*, 682 P.2d 33, 40 (Colo.1984); *Neusteter v. District Court*, 675 P.2d 1, 4 (Colo.1984); *see also* Annotation, *Right of Accused in State Courts to Inspection or Disclosure of Evidence in Possession of Prosecution*, 7 A.L.R.3d 8, § 5(a) (1966 & Supp.1989) (citing cases). The trial court's determination of that issue will not be overturned on review absent an abuse of discretion or infringement of the constitutional rights of the accused.

The record reflects that the district court properly applied the foregoing standards in ruling that parts of the prosecutor's notes were subject to protection under the work product doctrine. The more basic question, however, is the correctness of the trial court's ruling that the unexcised portions of the prosecutor's interview notes were subject to discovery.

**5.** The district court expressly stated that its ruling was based on "Rule 16[I](a)(1)[, which] requires disclosure by the prosecution of the names and addresses of any persons the District

### B. *Former Crim.P. 16(I)(a)(1)*

The district court based its disclosure ruling on former Crim.P. 16(I)(a)(1),[5] which stated in pertinent part:

Subject to the provisions of Parts I(f) and III(d) of this Rule, the prosecuting attorney upon request of the defense counsel shall disclose to the defense counsel the following material and information which is within the possession or control of the prosecuting attorney:

(I) The names and addresses of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial, together with their relevant written or recorded statements;

The district court further relied on our decision in *People v. Thatcher*, 638 P.2d 760 (Colo.1981), which addressed the applicability of former Crim.P. 16(I)(a)(1) to a prosecutor's notes or worksheets intended to guide the prosecutor in his examination of witnesses. In *Thatcher*, we held that "notes are discoverable if they are in substance recitals of oral statements made by witnesses." *Id.* at 767. Crim.P. 16(I)(a)(1) has been substantially amended, however, since we decided *Thatcher*, with the result that the district court's reliance on that decision was misguided. Accordingly, defense counsel's motion to discover the prosecutor's notes taken during an interview of his chief witness in preparation for trial must be reconsidered in light of the provisions of the amended rule and relevant constitutional guidelines.

### C. *Crim.P. 16(I)(a)(1)*

The current version of Crim.P. 16(I)(a)(1) in pertinent part states:

The prosecuting attorney shall make available to the defendant the following material and information which is within the possession or control of the prosecuting attorney and concerning the pending case:

(I) Police, arrest and crime or offense reports, including statements of all wit-

Attorney's Office intends to call as a witness at the trial, 'together with their relevant written or recorded statements.' "

nesses, the accused, and any co-defendant;

Crim.P. 16 as amended requires *automatic* disclosure of the enumerated items regardless of whether the defense requests them. Crim.P. 16(I)(b). Automatic disclosure forecloses the possible loss of discovery rights through failure to make a timely request or to file a timely motion following noncompliance, and minimizes the need for supervision of basic discovery by the trial court. *See generally* 2 W. LaFave & J. Israel, *Criminal Procedure* 484 n. 34 (1984); II *ABA Standards for Criminal Justice* 11-2.1 and commentary at 11.-16-.18 (2d ed. 1980) (providing in general for open file disclosure upon defendant's request). The scope of the rule clearly encompasses witness statements in or associated with police reports, arrest reports, crime reports and offense reports. Witness statements included in a prosecutor's notes fall outside the specifically enumerated categories, and thus are not automatically discoverable under Crim.P. 16(I)(a)(1). Such statements, however, may be discoverable under Crim.P. 16(I)(a)(2) or Crim.P. 16(I)(d)(1).

### D. *Crim.P. 16(I)(a)(2)*

Crim.P. 16(I)(a)(2) provides that a prosecuting attorney "shall disclose to defense counsel any material or information within his possession or control which tends to negate the guilt of the accused as to the offense charged or would tend to reduce the punishment therefor." The rule is grounded in the due process requirements identified by the United States Supreme Court in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *See People v. Millitello*, 705 P.2d 514, 518–19 (Colo.1985). The "*Brady* doctrine" has been applied in a number of our decisions. *See, e.g., People v. Greathouse*, 742 P.2d 334, 337 (Colo.1987); *People v. Gann*, 724 P.2d 1318, 1320 (Colo.1986).

In *Brady* and cases following it, the United States Supreme Court has recognized that prosecutors have a constitutional[6] duty to disclose evidence "favorable to the accused" and "material either to guilt or to punishment" to the defense prior to trial. *Brady*, 373 U.S. at 87, 83 S.Ct. at 1196; *Ritchie*, 480 U.S. at 57, 107 S.Ct. at 1001–1002; *United States v. Bagley*, 473 U.S. 667, 674–75, 105 S.Ct. 3375, 3379–80, 87 L.Ed.2d 481 (1985); *United States v. Agurs*, 427 U.S. 97, 107–14, 96 S.Ct. 2392, 2399–2403, 49 L.Ed.2d 342 (1976). Impeachment evidence falls within the ambit of evidence favorable to the accused, and hence must be disclosed under *Brady*. *Bagley*, 473 U.S. at 676, 105 S.Ct. at 3380; *see Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972). Indeed, the significance of impeachment evidence in determining the outcome of a criminal prosecution often matches that of substantive or exculpatory evidence. *People v. Gallegos*, 644 P.2d 920, 932 (Colo.1982) (Quinn, J., dissenting); *see Giles v. Maryland*, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967).

To qualify for disclosure under the *Brady* doctrine, impeachment or other exculpatory evidence must be "material." Although for a time the standard for materiality varied depending on whether the defense made a specific request, general request or no request at all, the United States Supreme Court has now adopted an all-encompassing standard for appellate review of materiality: "[e]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Bagley*, 473 U.S. at 682, 105 S.Ct. at 3383; *accord Ritchie*, 480 U.S. at 57, 107 S.Ct. at 1001–1002.

---

**6.** The Fifth Amendment to the United States Constitution guarantees the accused in a criminal prosecution the right to due process of law. The due process requirements of the Fifth Amendment "apply equally to the comparable clause of the Fourteenth Amendment applicable to trials in state courts." *United States v. Agurs*, 427 U.S. 97, 107, 96 S.Ct. 2392, 2399, 49 L.Ed.2d 342 (1976). Article II, § 25, of the Colorado Constitution also guarantees the accused the right to due process of law.

The *Bagley* materiality standard is couched in terms appropriate for use in appellate review. It does, however, provide general guidance to trial courts as to the degree of importance that evidence must possess in order to be considered material. *See State v. Madric*, (Del.Super.Ct. Aug. 18, 1989) (Westlaw, Allstates library, No. 1989 WL 124900).

In the typical case where a defendant makes only a general request for *Brady* material, the prosecution decides which information should be disclosed in the first instance. *See Ritchie*, 480 U.S. at 59, 107 S.Ct. at 1002–1003. The trial court becomes involved only after the defense learns that exculpatory evidence has been withheld and brings it to the court's attention. *Id.* Under Crim.P. 16(I)(a)(2), prosecutors in Colorado are obligated to disclose *Brady* material to an accused even in the absence of a request by the defense. Once a dispute arises, the responsibility for determining what information must be disclosed shifts to the trial court. *See Ritchie*, 480 U.S. at 58–60, 107 S.Ct. at 1001–1003. Colorado courts assessing the sufficiency of the prosecution's disclosure under Crim.P. 16(I)(a)(2) should evaluate the materiality of the undisclosed information, taking guidance from the *Bagley* standard discussed earlier. Disclosures required by Crim.P. 16(I)(a)(2) should be made contemporaneously with other disclosures whenever possible. *See* II *ABA Standards for Criminal Justice* 11–2.1(c) commentary at 11.27 (2d ed. 1980).

### E. *Crim.P. 16(I)(d)(1)*

The United States Supreme Court has noted that "[t]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one." *Ritchie*, 480 U.S. at 59–60, 107 S.Ct. at 1002–1003 quoting (*Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 845, 51 L.Ed.2d 30 (1977)). By providing additional means for disclosure, Colorado's rules of criminal procedure to some extent compensate for the limitations on the protection afforded criminal defendants under the *Brady* doctrine.

In addition to the material automatically disclosed to the defense where the requirements of Crim.P. 16(I)(a)(1) and Crim.P. 16(I)(a)(2) are met, Colorado courts have the discretion to order disclosure to the defense of "relevant material or information not covered by [Crim.P. 16](I)(a), (b), and (c) upon a showing by the defense that the request is reasonable." Crim.P. 16(I)(d)(1).

A witness statement or other evidence is relevant for Crim.P. 16(I)(d)(1) purposes, regardless of whether it contains information admissible at trial, as long as its contents are relevant to the conduct of the defense. Ultimately, the determination of what material is relevant in the Crim.P. 16(I)(d)(1) context rests with the trial court. *See* II *ABA Standards for Criminal Justice* 11–2.5 (2d ed. 1980); *cf. Gallegos*, 644 P.2d at 924 (construing "relevance" in the context of former Crim.P. 16(I)(a)(1)); *compare People v. Smith*, 185 Colo. 369, 376, 524 P.2d 607, 611 (1974) (*initial* determination of relevant material under now-Crim.P. 16(I)(d)(1) is a defense function). Crim.P. 16(I)(d)(1) is not intended to afford an accused an additional opportunity to pursue material which could not be discovered under Crim.P. 16(I)(a)(1) or (a)(2). *See* II *ABA Standards for Criminal Justice* 11–2.5 commentary at 11.36 (2d ed. 1980).

Crim.P. 16(I)(d)(1) further requires a showing by the defense that its request is reasonable, including a showing that the material or information sought is unavailable from any source other than the prosecution. Final determination of the reasonableness of the request, as of the relevance of the material sought, rests in the discretion of the trial court. Crim.P. 16(I)(d)(1).

### IV.

Colorado's provisions for determining the scope of disclosure to an accused give some discretion to the trial court, *see* Crim.P. 16(I)(d)(1), but require automatic disclosure of many materials, *see* Crim.P. 16(I)(a)(1) and –(2). We conclude that the district court abused its discretion in ordering disclosure of the prosecutor's notes under former Crim.P. 16(I)(a)(1) and *Thatcher*. Ac-

cordingly, the rule is made absolute and the cause remanded to the district court with instructions to review the prosecutor's notes and determine what portions, if any, should have been disclosed, applying the standards set forth in Crim.P. 16(I)(a)(1), 16(I)(a)(2) and 16(I)(d)(1). Thereafter, the district court must consider the use that may be made of any material that was not subject to discovery but was turned over to defense counsel pursuant to court order. Based on that determination, the district court must reconsider the issue of disqualification of the members of the district attorney's office.[7]

Rule made absolute.

---

[7]. In view of the requirement that the district court reconsider the discovery issues, we consider it premature to address the remedy, if any, for improperly ordered disclosure and the standards for disqualification of members of the district attorney's office.