The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Charles Frederick ALBERICO,
Defendant–Appellee.

No. 90CA0266.

Colorado Court of Appeals,
Div. I.

April 11, 1991.

Rehearing Denied May 16, 1991.

Certiorari Denied Oct. 7, 1991.

G.F. Sandstrom, Dist. Atty., Richard W. Dickerson, Deputy Dist. Atty., Pueblo, for plaintiff-appellant.

No appearance for defendant-appellee.

Opinion by Judge CRISWELL.

In this appeal, the People challenge the propriety of the trial court's ruling that dismissed all criminal charges against the defendant, Charles Alberico. The dismissal was ordered because the prosecutor had failed to make available to the defense certain reports from an investigator for the People that summarized statements of certain witnesses. We approve the ruling.

The defendant was charged with prohibited use of a weapon and felony menacing with a deadly weapon and was brought to trial before a jury.

In defendant's pre-trial disclosure statement, he had listed the names of two defense witnesses, and an investigator for the district attorney had then interviewed both of them. In addition, the investigator re-interviewed the alleged victim, who had been endorsed as a witness for the People. However, the prosecutor did not, before trial, give any of the written reports prepared by the investigator, which summarized the statements made by these witnesses, to defendant's counsel.

At trial, the People presented their case-in-chief, which included testimony by the victim, without disclosing any of these reports. It was only during the cross-examination of one of the witnesses for the defense during the presentation of its case that the existence of these statements were discovered. They were then furnished to the defense.

The court concluded that copies of the reports containing the statements of these three witnesses should have been provided to defense counsel prior to trial pursuant to Crim.P. 16(I)(a)(1)(I). It also concluded that, because of the stage of the proceedings at which they were produced, dismissal of the charges was the only appropriate remedy for the prosecutor's violation of his discovery obligations. Consequently, it entered its order of dismissal.

I.

The People first argue that the trial court erred in dismissing the charges because the defense either knew or should have known what the testimony of their own witnesses would be. They also contend that the investigator's reports were not discoverable under Crim.P. 16(I)(a)(1)(I) because that rule does not require disclosure of statements of witnesses endorsed by the defense or of witnesses who, like the investigator here, would be called by the People only for rebuttal purposes. We disagree.

Crim.P. 16(I)(a)(1)(I) provides that the prosecuting attorney shall make available to the defense "the statements of *all* witnesses." (emphasis supplied) In addition, if the prosecutor believes that a part of a report is not discoverable, "defense counsel must be notified in writing that information has not been disclosed." Crim.P. 16(I)(b). That was not done here.

Under Crim.P. 16(I)(a)(1)(I), automatic disclosure by the prosecuting attorney of all witness' statements is required, whether or not the defense requests them. *People v. District Court*, 790 P.2d 332 (Colo.1990). This requirement is designed to foreclose the possible loss of discovery rights by the defense through failure to make a timely request or to file a timely motion following

non-compliance and to minimize the need for supervision of basic discovery by the trial court. *People v. District Court, supra.* Thus, the remedial purpose of Crim.P. 16(I)(a)(1) is broader than merely to insure disclosure of evidence "which has been known to the prosecution but unknown to the defense." *See United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

Therefore, if the reports at issue here fall within the scope of materials discoverable under Crim.P. 16(I)(a)(1), their disclosure was required whether or not the evidence was material and whether or not the defense made a specific request for them.

■ In *People v. District Court, supra,* the supreme court held that witness statements included in a prosecutor's notes were part of the prosecutor's work product and, thus, were exempted from the discovery provisions of Crim.P. 16(I)(a)(1)(I).

Here, however, we are not presented with an attempt to discover the prosecutor's work product or other exempt material. Instead, the issue is whether a report of an interview of a witness by a lay investigator falls within the scope of Crim.P. 16(I)(a)(1)(I) and, therefore, is automatically discoverable.

The supreme court in *People v. District Court, supra,* noted that "[t]he scope of the rule clearly encompasses witness statements in or associated with police reports, arrest reports, crime reports and offense reports." Thus, a statement of a witness, whether such witness has been endorsed by the People or by the defense, which is summarized in an investigative report is not outside the scope of the automatic discovery requirement of Crim.P. 16(I)(a)(1)(I). Accordingly, the trial court did not err by ruling that such material was required to be provided to the defense.

## II.

■ The People also argue that the failure to provide the investigator's report containing these witness' statements was not prejudicial to defendant because the defense should have been aware of the proposed testimony of their own witnesses. Further, the People claim the report concerning statements made by the victim was not probative of any material fact at issue. Therefore, the People argue, the order dismissing the charges was improper. Again, we disagree.

The People have not made the investigator's reports of his interviews with the witnesses a part of the record on appeal. Nevertheless, the trial court, after reviewing them, concluded that several of the statements, particularly the statements made by the victim upon re-interview by the investigator, were materially inconsistent with portions of the testimony the victim had given in the People's case-in-chief.

Because the People have failed to make the relevant statements a part of the record, we deem the trial court's findings upon this subject as conclusive. *See Till v. People,* 196 Colo. 126, 581 P.2d 299 (1978).

The trial court here said, specifically: "I'm confident that the prosecutor was of the same opinion, that it would have been devastating to the ... [credibility] of the victim to have him impeached by testimony of a witness who was an employee of the D.A.'s office.... It's clearly prejudicial to this defendant that that statement from ... [the victim] was not provided to the defense."

■ Under Crim.P. 16(III)(g), if a failure to comply with discovery orders is brought to the attention of the trial court, the court may order discovery of the withheld materials, grant a continuance, prohibit the party from introducing into evidence the material not disclosed, "or enter such other order as it deems just under the circumstances."

Here, because the victim had already testified and the defense was in the midst of the presentation of its case, there was no effective way to make use of the materials not previously disclosed. The trial court concluded, therefore, that the only appropriate sanction would be to strike the testimony of the victim. However, it recognized that, to do so, would be "tantamount to dismissal." For this reason, the court determined that, "based upon what I think is an egregious violation of Rule 16, ... I'm going dismiss the case against the defendant and discharge the jury."

While it is true that the dismissal of a criminal charge is the most severe sanction, nevertheless, the nature of the sanctions to be imposed for failure to comply with Crim.P. 16 generally rests within the trial court's sound discretion. *People v. District Court,* 664 P.2d 247 (Colo.1983); *People v. Banuelos,* 674 P.2d 964 (Colo. App.1983). And, in appropriate cases, dismissal is a proper sanction for the People's failure to comply with a court's discovery order. *See People v. Vigil,* 729 P.2d 360 (Colo.1986); *People v. Martinez,* 658 P.2d 260 (Colo.1983) (dismissal for failure to comply with court order to disclose identity of confidential informant); *People v. Rodriguez,* 645 P.2d 851 (Colo.1982) (dismissal for prosecutor's failure to make reasonable efforts to locate informant pursuant to trial court's disclosure order).

Considering the circumstances disclosed by this record, we conclude that the trial court's dismissal of the charges here was not an abuse of its discretion.

The ruling of the trial court is approved.

PIERCE and DUBOFSKY, JJ., concur.