No. 13,663.

MILLER v. THE PEOPLE.
(55 P. [2d] 320)

Decided February 24, 1936.

Mr. Samuel Chutkow, Mr. J. G. Houston, Jr., for plaintiff in error.

Mr. Paul P. Prosser, Attorney General, Mr. Walter F. Scherer, Assistant, for the people.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

In this opinion we will refer to plaintiff in error as defendant or by name.

On the 19th day of May, 1934, defendant was convicted in the district court of Yuma county, upon an information charging him with the larceny of twenty-nine sacks of seed potatoes of the value of $55. Upon the jury's verdict of guilty, he was sentenced to serve a term in the state penitentiary of from five to eight years. He assigns error.

Miller is the sole defendant in the information before us; however, the record discloses that he was granted a separate trial, upon his motion therefor, under an information naming Earl Hammel and Evan Derowitsch as codefendants. The motion for separate trial was based upon the ground that the last named defendants had made a confession, and that certain evidence would be introduced in their prosecution which, while having no bearing upon the guilt or innocence of this defendant, would be prejudicial to his right to a fair and impartial trial. Earl Hammel was first tried and convicted.

Upon conviction of defendant Miller, he filed a motion for new trial containing thirty separate grounds. This motion was overruled.

Error is assigned on the admission of testimony

of the sheriff, the undersheriff and Derowitsch, as to an oral confession made by Hammel out of the presence of this defendant. This testimony, admitted over the objection of defendant was the relation of an oral confession that Hammel had made to them, of his own participation in the crime subsequent to its commission. All of such statements on the part of Hammel were made out of the presence of this defendant. The testimony of Derowitsch concerned conversations he had had with Hammel and Anderson, also subsequent to the completion of the crime, implicating defendant, and which occurred out of his presence. Answering the objections made to the admission of his testimony, the district attorney stated to the court, apparently in the presence of the jury, that it was admissible to establish the guilt of the principal, which was necessary before an accessory could be convicted, and that the evidence was offered for that, and for no other, purpose. The motion for severance hereinbefore mentioned was grounded, and apparently granted, upon the very reason that would necessitate the exclusion of a part of the testimony, to the admission of which complaint is here made. This defendant, being an accessory before the fact, and under the theory of the district attorney and the court, though properly charged as principal, under the statute, the guilt of the principal must be established. Only such parts of the confessions, statements or admissions as would tend to prove the guilt of the principal could be admitted, and not the parts of such confessions, statements or admissions, as would implicate this defendant, as an accessory when made out of his presence, and after the commission of the crime.

The sheriff testified concerning conversations had privately with Hammel implicating defendant as an accessory, and these were not under the sanction of an oath. This defendant had no opportunity of cross-examining Hammel, whereby his credibility might have been impeached, and the jury was deprived not only of

its means of determining the motive or attitude of Hammel, but also of the opportunity to observe his conduct on the witness stand. As to this defendant, such testimony must be considered as hearsay and subject to all of the objections which exist thereto. The complicity of an accessory cannot be so established. The trial court should have distinguished between the evidence introduced solely to establish the guilt of the principal, and that part which involved the defendant, and its failure to do so constituted reversible error. ''The law seems to be that while statements, confessions and admissions of guilt made by one of several persons jointly indicted and tried for the same offense, are admissible against the person making them, they are not admissible against his codefendants unless made in their presence and assented to by them.'' *Cook v. People,* 56 Colo. 477, 138 Pac. 756.

If the rule thus announced had been followed, Hammel's statement would not have been admitted against Miller, because not made in his presence.

The original motion for a new trial should have been granted because of this error; accordingly the judgment is reversed and the cause remanded with directions to grant a new trial.