No. 21625.

CARL ROBERT OAKS *v*. THE PEOPLE OF THE STATE OF
COLORADO.
(424 P.2d 115)

Decided February 14, 1967. Rehearing denied March 13, 1967.

DAVID B. RICHESON, WILLIAM R. KOCHIS, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES F. PAMP, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS case, which involved a conviction of murder in the first degree, was before us previously. See *Oaks v. People*, 150 Colo. 64, 371 P.2d 443. In that case we reversed a previous conviction and remanded the cause for a new trial. That trial has been held, and Oaks is again here on writ of error, asserting several grounds for reversal of his second conviction. For a statement of the facts of the case we refer to our previous decision. No good purpose would be served in detailing them again here.

Oaks was tried as an accessory in a robbery-murder committed by one Beaty, a fifteen year old boy at the time of the crime. After this court reversed the first conviction of Oaks, and before his new trial, Beaty had been allowed to enter a plea of guilty to voluntary manslaughter. Therefore, Oaks' first assignment of error relates to the refusal of the trial court to sustain a motion to quash and dismiss the murder charge or, in the alternative, to reduce the charge to the lesser offense commensurate with Beaty's conviction.

564

The statute under which Oaks was charged and convicted is C.R.S. 1963, 40-1-12, as follows:

"An accessory is he who stands by and aids, abets or assists, or who, not being present, aiding, abetting or assisting, has advised and encouraged the perpetration of the crime. He who thus aids, abets or assists, advises or encourages, *shall be deemed and considered as principal and punished accordingly.* An accessory during the fact is a person who stands by, without interfering or giving such help as he may in his power to prevent a criminal offense from being committed. An accessory during the fact shall be a competent witness unless disqualified from other causes." (Emphasis added.)

█ From the wording of the statute and the interpretation that this court has given it in a number of cases, the acts of the principal are the acts of the accessory, and the accessory may be charged and punished accordingly as a principal. *Schreiner v. People,* 146 Colo. 19, 360 P.2d 443; *Mulligan v. People,* 68 Colo. 17, 189 Pac. 5. This court has held that the conviction of the principal is not a condition precedent to the conviction of an accessory after the fact. *Roberts v. People,* 103 Colo. 250, 87 P.2d 251. The same reasoning would apply to an accessory before or during the fact. We therefore hold that Oaks was neither entitled to a dismissal of the case, nor was he entitled to a reduction in the nature of the charge against him.

█ Next Oaks assigns error by the court in the giving of certain instructions. We reject his argument. When the proof is undisputed that a homicide was committed in an attempt to perpetrate a robbery, it is not necessary to prove any facts in which malice, deliberation or premeditation could be inferred. Those elements, as well as specific intent, are not the necessary elements of the crime charged and need not be proved. *Whitman v. People,* 161 Colo. 117, 420 P.2d 244; *Frady v. People,* 96 Colo. 43, 40 P.2d 606. This was the law embodied in

the instructions, and the court did not err in so charging the jury.

■ Another contention of the defendant is that the court erred in the admission of photographs of the victim in the morgue. What we said in *People v. Spinuzzi*, 149 Colo. 391, 369 P.2d 427, answers Oaks' contention in this regard.

■ Oaks next alleges as error that a drawing of the area of the homicide, based on observations *ten months* after the crime was committed, was used by the witnesses and admitted in evidence. The record on this contention reveals that the witness who participated in the preparation of the drawing testified as to his general familiarity with the area; that no changes were wrought between the time of the crime and the date of the drawing. The witnesses were able to use it without difficulty and were able to locate objects near the murder scene as they appeared on the day of the murder. The drawing was an aid to understanding the testimony of the witnesses, and its admission was directed to the sound discretion of the trial court. We find no abuse thereof. See 23 C.J.S. § 853 (1).

■ As to another assignment of error, Oaks claims that the court, over his objection, admitted testimony of persons who heard the robbery victim say, in response to a question as to what happened, that he had been shot with a shotgun. Oaks contends these statements are hearsay and should have been excluded. Without going into the question whether these statements were admissible under certain well-known exceptions to the hearsay rule, we note that there was no issue in this case concerning what happened to the victim. That he was shot with a shotgun in the hands of Beaty is beyond dispute. Therefore the statement of the victim concerning the fact that he was shot could not in any way have been prejudicial to Oaks.

In the first trial there was admitted into evidence, over Oaks' objection, a twenty-five page statement ob-

tained from Beaty in a series of lengthy inquisitions. The questioning of Beaty was outside the presence of Oaks, and he did not assent thereto; yet the statement incriminated Oaks in the commission of the robbery, as well as in a number of other criminal activities antedating the robbery and having no connection therewith. We reversed the first conviction because of the admission of this highly prejudicial statement.

██ In the trial which we are now reviewing, the people had another confession of Beaty, to which Oaks assented and to which he appended his signature. These statements of Oaks and Beaty were admitted in evidence, and Oaks alleges this was error on the ground that they were not voluntary. The court conducted an evidentiary hearing out of the presence of the jury regarding the voluntariness of these confessions of Beaty and Oaks. It determined and made a finding that they were voluntary. Its determination is supported by the evidence. *Downey v. People,* 121 Colo. 307, 215 P.2d 892; *Roper v. People,* 116 Colo. 493, 179 P.2d 232; *Bruner v. People,* 113 Colo. 194, 156 P.2d 111. Likewise, we are satisfied that the mandate of *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L. Ed.2d 908, has been met. On the admissibility of the Beaty confession which Oaks signed and which the record indicates he expressly consented to, see *Miller v. People,* 98 Colo. 249, 55 P.2d 320; *Cook v. People,* 56 Colo. 477, 138 Pac. 756.

██ The court in addition to making its own finding in the evidentiary hearing instructed the jury concerning the burden of the people to establish the voluntariness of the confession and further stated in accordance with *Oaks v. People, supra,* that any extra-judicial statement or confession made by Beaty was to be considered solely for the purpose of establishing the guilt of Beaty as principal unless the jury found that defendant agreed to and confirmed the confession. This action of the court was proper.

██ Oaks next asserts as error a violation of his

right to access to statements of witnesses pursuant to Colo. R. Crim. P. 16(b). In this connection the record reveals that the district attorney stated to the court that he had no written statements from the witnesses. As we said in *Hopper v. People*, 152 Colo. 405, 382 P.2d 540, it is not error to refuse to order the district attorney to produce a non-existing statement or document.

██ Finally, there are two assignments of error addressed to a purported limitation by the court of counsel's voir dire examination of the jurors and the further assertion of lack of a fair and impartial jury by reason of pre-trial statements in the press. We are not favored with a record of the voir dire examination of the jurors. Likewise, Oaks has not called our attention to any place in the record wherein it appears that he filed a verified motion for change of venue or supported such motion with affidavits of the citizens of the county, all as provided in Colo. R. Crim. P. 21. There is nothing in the record to support Oaks' generalized and vague contentions that the community was prejudiced against him. His failure to give us the benefit of the questions to and answers of the jurors affords us no opportunity to determine whether any of them expressed bias or prejudice. We cannot determine from a silent record whether he experienced any difficulty in selection of a jury or whether his challenges were exhausted before he was able to select the jury. On such a record we presume the trial court ruled properly in this area.

The judgment is affirmed.