## No. 21688.

DANIEL ORTEGA, ALSO KNOWN AS DANNY ORTEGA *v.* THE
PEOPLE OF THE STATE OF COLORADO.
(426 P.2d 180)

Decided April 17, 1967.

BELLINGER, FARICY & TURSI, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, ROBERT C. MILLER, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

.DANIEL ORTEGA, also known as Danny Ortega, was tried and convicted of aggravated robbery. From the judgment, and the sentence imposed thereon, Ortega brings writ of error. The plaintiff in error will be referred to as defendant or by name, and the defendant in error as the People.

The Broadway Liquor Store in Pueblo, Colorado, was held up by a lone gunman at about 7:30 p.m. on January 10, 1964. At about 11:00 a.m. on January 11, 1964, Ortega was found hiding in an attic in a house in Pueblo. No gun or other extrinsic evidence connecting Ortega to the robbery was found. He was arrested, tried, and convicted of the robbery of the liquor store. Ortega testified at the trial that he was in Colorado Springs at the time of the robbery and placed his uncle and aunt, residents of Colorado Springs, on the witness stand to

support his testimony that he was in their home at the crucial time.

Ortega raises five assignments of error which may be summarized as follows:

(1) The trial court erroneously denied defendant's right to discovery and inspection of documents under Colo. R. Crim. P.16(b) and (d).

(2) The trial court's instruction on alibi erroneously shifted the burden of proof to the defendant.

(3) The trial court erroneously allowed the People to put on testimony of concealment.

(4) The trial court erroneously instructed on flight when no evidence had been adduced as to flight.

(5) The cumulative effect of minor errors in the trial was such as to deny defendant his right to a fair trial.

I.

Defendant alleges that the trial court erroneously refused to allow him to inspect handwritten notes made by one of the investigating officers when he talked to the chief prosecution witness on the night of the crime in question. At trial, the witness, Mrs. Carlson, testified that the officer had questioned her, that she had related the facts surrounding the robbery to him in detail, and that he had taken detailed notes on what she said. Defense counsel then asked that the People be ordered to produce the notes for inspection by the defense. The trial court denied the request. Defense counsel later offered to attempt to prove the existence of the notes and that the notes were in the possession of the prosecution or in the possession of persons in the control of the prosecution. This offer of proof was rejected and the trial court again denied the defendant's request for production of the notes. The issue was raised again in the motion for new trial, and was again rejected.

Rule 16 of the Colorado Rules of Criminal Procedure provides, in part, as follows:

"(b) . . . After a witness called by the State has

testified on direct examination, the court shall on motion of the defendant order the prosecuting attorney to produce any statement of the witness in the possession of the prosecuting attorney or under his control which relates to the subject matter to which the witness has testified . . .

"(d) . . . The term 'statement' as used in subsections (b) and (c) of this section in relation to any witness called by the State means: . . .

"(3) stenographic or written statements or notes which are in substance recitals of an oral statement made by such witness and which were reduced to writing contemporaneously with the making of such oral statement."

The People agree that if it was error to refuse to permit inspection of the notes, then that error was prejudicial. They contend, however, that the defendant did not lay a sufficient foundation to require the court to order production of the notes. The People claim that the defendant did not show that the notes were in the possession or control of the prosecution, or were even in existence at the time of trial. They further assert that it would be absurd to require the prosecuting attorney to produce statements or notes which he cannot produce. We have, of course, held that it is not error to refuse to order production of a *non-existing document. Oaks v. People*, 161 Colo. 561, 424 P.2d 115; *Hopper v. People,* 152 Colo. 405, 382 P.2d 540. But that is not this case. The defendant elicited testimony that notes *were taken* of the oral statements made by a witness later called by the prosecution at trial. The issue of the identity of the robber who held up this store was the crucial one in the case. It was important that the accused know whether the witness had made statements describing the robber to the police different than those she made subsequently at the trial. Defense counsel made an offer of proof as follows:

"I would make a proffer that at the scene of the

incident Mrs. Carlson made an oral statement which was reduced in writing by a member of the police department containing substantially those remarks made by her at that time; that these notes were then incorporated into the police report, and that said police report is in either the custody or under the control or obtainability of the District Attorney, and that failure to produce said notes has been detrimental to the case of the defendant."

█ The trial court refused to permit defendant to make the proof he offered. There is some indication in the record that the offer was refused because the alleged notes were not in the physical possession of the district attorney or his staff but were in the possession of the police. This position is not tenable. We now hold that statements in the possession of the police in the county or district of the trial are within the "possession or control" of the prosecuting attorney so as to meet the requirement of Rule 16. See, *Battalino v. People*, 118 Colo. 587, 199 P.2d 897.

█ In the trial court, the district attorney contended also that notes made by a police officer of oral statements made to him by a witness do not come within the term "statement" as defined in Rule 16 (d) (3).

Colo. R. Crim. P.16 contains substantially the same language as the Jencks Act, 18 U.S.C. § 3500, (1957). The Jencks Act has been interpreted to include not only materials which have been signed or adopted by the government's witness, *Campbell v. United States*, 365 U.S. 85, 81 S.Ct. 421, 5 L. Ed.2d 428: *Campbell v. United States*, 373 U.S. 487, 83 S.Ct. 1356, 10 L. Ed.2d 501, but also notes taken by officers when talking to the witness. *Williams v. United States*, 338 F.2d 286 (D.C. Cir. 1964); *Papworth v. United States*, 256 F.2d 125, (5th Cir. 1958), *cert. denied* 358 U.S. 854, 79 S.Ct. 85, 3 L. Ed.2d 88; *rehearing denied*, 358 U.S. 914, 79 S.Ct. 239, 3 L. Ed.2d 235, *United States v. Waldman,* 159 F. Supp. 747 (D.C. N.J. 1958). All that is required by the Jencks Act, and

all that is required by the language of Colo. R. Crim. P. 16 (d) (3) is that the notes be *substantially verbatim* recitals of the oral statement.

Numerous federal cases have held that the notes must not contain the interpretations, impressions, comments, ideas, opinions, conclusions, evaluations, or summaries of the person transcribing the notes. See, *Annot.* 5 A.L.R.3d 763 (1966), § 11(b). But if the notes are substantially verbatim recitations of the oral statements of the witness, then it does not matter that they are not a completely verbatim transcription of the oral statements. See, *Williams v. United States,* 328 F.2d 178 (D.C. Cir. 1963).

■ In the case at bar, the trial court should have held an *in camera* hearing to determine if the notes sought were in fact in the possession or control of the prosecution, and, if so, whether the notes were ". . . in substance recitals of an oral statement made by such witness and which were reduced to writing contemporaneously with the making of such oral statement." Colo. R. Crim. P. 16(d)(3). See, *Raullerson v. People,* 157 Colo. 462, 404 P.2d 149, where this Court impliedly approved the procedure of holding an *in camera* hearing.

II.

■ The defendant's second allegation of error is that the trial court's instruction on alibi erroneously shifted the burden of proof to the defendant. Similar allegations of error have been rejected by this Court before:

". . . the jury, . . . were advised in unmistakable terms that the defense was legitimate, that all the evidence bearing on the question should be carefully considered, and if, upon such consideration, they entertained a reasonable doubt as to whether the defendant was in another place when the crime was committed, he should be given the benefit of such doubt, thus clearly informing them, that, if the testimony on the subject of alibi raised a reasonable doubt in their minds regarding

his guilt, they must find him not guilty." *Foster v. People,* 56 Colo. 452, 139 Pac. 10.

The instruction on alibi was not erroneous.

## III.

■ The defendant alleges that it was error to allow the People to put on testimony regarding defendant's attempts at concealment just prior to his arrest. The defendant claims that concealment is relevant only if it is proved that the defendant was concealing himself to avoid arrest for the crime for which he is charged. He claims that in this case the police were not seeking to arrest the defendant for the crime of robbery, but for other independent crimes. The record, however, does not support the defendant's claim. The officer who arrested Ortega testified unequivocally that Ortega was arrested for the robbery of the liquor store as well as for other crimes. This being the case, the defendant's conduct at the time of arrest may properly be shown as a circumstance tending to show consciousness of guilt. See, *Jordan v. People,* 151 Colo. 133, 376 P.2d 669.

## IV.

■ In his fourth assignment of error, the defendant alleges that it was error to give an instruction on flight. The instruction was given without objection, and the alleged error was not raised in the motion for new trial. We have held repeatedly that failure to make a "contemporaneous objection" precludes review of the question by this Court. *Lucero v. People,* 158 Colo. 568, 409 P.2d 278.

## V.

Defendant's fifth allegation of error is that the cumulative effect of minor (unspecified) errors in the conduct of the trial requires reversal. Since the judgment must be reversed for failure to follow correct procedures under Colo. R. Crim. P. 16, this last allegation of error is now moot.

The judgment is reversed, and the cause remanded

for a new trial in accord with the views expressed herein.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE DAY, and MR. JUSTICE HODGES concur.