No. 24632.

THE PEOPLE OF THE STATE OF COLORADO, EX REL. CARL M. SHINN, DISTRICT ATTORNEY OF THE FIFTEENTH JUDICIAL DISTRICT, STATE OF COLORADO; JOHN C. STATLER, ASSISTANT DISTRICT ATTORNEY OF THE FIFTEENTH JUDICIAL DISTRICT, STATE OF COLORADO; AND ROBERT G. ROGERS, DEPUTY DISTRICT ATTORNEY OF THE FIFTEENTH JUDICIAL DISTRICT, COUNTY OF PROWERS, STATE OF COLORADO *v.* DISTRICT COURT OF THE FIFTEENTH JUDICIAL DISTRICT, STATE OF COLORADO, AND ROBERT SANDERSON, ONE OF THE JUDGES THEREOF.

(469 P.2d 732)

Decided May 25, 1970.

CARL M. SHINN, JOHN C. STATLER, ROBERT G. ROGERS, for petitioners.

JOHNSON and MCLACHLAN, GEORGE MCLACHLAN, for respondents.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

THIS is an original proceeding by which the People of the State of Colorado, upon relation of the district attorney of the Fifteenth Judicial District, seek a writ prohibiting the district court of Prowers County from requiring the district attorney to produce prior to trial certain evidentiary materials consisting of witnesses' statements.

Defendant Jonna Scott was charged in a two-count information with violation of the provisions of C.R.S. 1963, 48-5-2, which concerns narcotic drugs. Defendant's counsel filed a Motion for Preliminary Hearing and for Inspection of Statements of Witnesses and for Continuance of Arraignment. It is the discovery portion of the motion with which we are here concerned.

The motion requested an order permitting defendant or her counsel to inspect and examine all statements taken by the district attorney's office or any law enforcement agency, whether oral or written, in connection with the criminal action. The district attorney agreed to furnish the statement taken from defendant Scott, but refused to furnish the statements taken from two prospective witnesses. The trial court entered the following order:

"THE COURT FURTHER ORDERS the district attorney to furnish to the Court within fifteen days from this date statements taken by the district attorney's office or any

law enforcement agency, and the Court, in an in camera hearing, will determine what portions of those statements will be released to the defendant. * * *"

It is to this order of the trial court that the writ of prohibition is directed. We issued our Rule to Show Cause why the relief requested should not be granted, and the order granting the motion was stayed until further order of this Court.

▇ The question for consideration is whether the Colorado Rules of Criminal Procedure limit pretrial discovery of the statements sought by defendant's motion. At the time of the hearing, the effective rule was Colo. R. Crim. P. 16(b), which provided as follows:

"Witness' Statements. After a witness called by the State has testified on direct examination, the court shall on motion of the defendant order the prosecuting attorney to produce any statement of the witness in the possession of the prosecuting attorney or under his control which relates to the subject matter to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the witness' testimony the court shall order it to be delivered directly to the defendant for his examination and use."

By its terms the foregoing does not expressly compel the production of the witnesses' statements prior to trial. Defendant urges, however, that matters of pretrial discovery in Colorado involve the exercise of inherent judicial discretion and that the discovery rules do not restrict or limit the trial court's exercise of such discretion. We do not agree.

▇▇ Pretrial discovery was a stranger to criminal procedure in Colorado and the right to such was nonexistent under the common law. *Mendelsohn v. People,* 143 Colo. 397, 353 P.2d 587; *Walker v. People,* 126 Colo. 135, 248 P.2d 287; *Rosier v. People,* 126 Colo. 82, 247 P.2d 448; *Silliman v. People,* 114 Colo. 130, 162 P.2d 793; *Shores v. United States,* 174 F.2d 838. The rules of criminal procedure as they existed at the time of the hearing

contained no language which, in our view, granted to the trial court any broad discretion to permit pretrial discovery or production of evidentiary statements. Nor have any of our decisions interpreting the criminal rules inferred otherwise. See: *Ortega v. People,* 162 Colo. 358, 426 P.2d 180; *Palmer v. People,* 162 Colo. 92; 424 P.2d 766; *Oaks v. People,* 161 Colo. 561, 424 P.2d 115; *Stoudt v. People,* 156 Colo. 568, 400 P.2d 670; *Corbett v. People,* 153 Colo. 457, 387 P.2d 409; *Hopper v. People,* 152 Colo. 405, 382 P.2d 540.

However, since the issuance of the Rule to Show Cause in this proceeding, the Colorado Rules of Criminal Procedure were amended by this Court, effective as of April 1, 1970. As amended, such rules govern all proceedings in criminal actions in courts of record brought after April 1, 1970, and also further proceedings in actions then pending. Crim. P. 16, which concerns discovery and inspection, readopted Colo. R. Crim. P. 16(b) which was in effect at the time of the hearing in the trial court. This now appears as Crim. P. 16(i).

The present discovery rule, Crim. P. 16, has been considerably broadened in its scope and content. Crim. P. 16(c), *Other Matters,* vests in the trial court discretion concerning disclosure to defense counsel of relevant material and information not covered by subsections (a) and (b) of Rule 16. It was intended by the adoption of Rule 16(c) to vest in the trial court discretion to require disclosure prior to trial of any relevant material and information, provided a showing of materiality to the preparation of the defense is made and the request is otherwise reasonable. Statements of prosecution witnesses, which before the adoption of this discretionary rule would not have been available to the defense until the witness was called by the state to testify on direct examination, are now properly discoverable under Rule 16(c). We do not say, however, that the defendant has an absolute right to such discovery under any and all circumstances. Rather, the trial court must exercise sound

discretion in permitting such discovery, guided by the standards suggested in subsection (2) of Rule 16(c), and in granting such discovery the court may enter appropriate protective orders under Rule 16(f).

Tested by the applicable rule now in effect, we find no abuse of discretion in granting the discovery motion under consideration. It would be a vain and futile thing under the circumstances to require a rehearing of defendant's motion and would only result in unnecessary delay in the trial court proceedings.

We therefore discharge the Rule to Show Cause.