**No. 26360**

**The People of the State of Colorado v. Leon Patterson**

(541 P.2d 894)

Decided October 27, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, James W. Wilson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant appealed after a jury convicted him of rape (1971 Perm. Supp. C.R.S. 1963, 40-3-401).[1] He contends that the prosecution did not comply with discovery orders and that the failure precluded the admission of certain clothing exhibits and the testimony relating thereto. Furthermore, the defendant also asserts that the trial court erred in permitting the prosecution to call witnesses whose testimony was not reduced to a formal statement before trial.[2]

I.

On September 21, 1973, prior to trial, the defendant filed a motion for discovery pursuant to Crim. P. 16. The court granted the defendant's request for "[a]ny books, photographs, documents or other tangible objects *which the prosecution considers may be used as physical evidence at the trial of this case.*" (Emphasis added.) The request was restricted to "persons or testimony actually to be used at trial. . . ." The defendant alleges that testimony relating to the victim's clothing and the clothing exhibits should be suppressed because the prosecution failed to turn over the invoice or itemized list of the clothing. The invoice or list does not negate guilt or reduce punishment. *Giles v. Maryland*, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967); *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *People v. Trujillo*, 186 Colo. 329, 527 P.2d 52 (1974). It is ridiculous to suggest that compliance with the defendant's request would in any way enhance the "search for truth." *United States v. Nobles*, 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975); *Williams v. Florida*, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970).

---

[1] Now section 18-3-401, C.R.S. 1973.

[2] Preclusion is a proper method to assure compliance with a discovery order. *See United States v. Nobles*, 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975).

The invoice was not physical evidence which could be used at the time of trial and was prepared to assure the availability of exhibits at the time of trial. In and of itself, the invoice is irrelevant to the issue of the defendant's guilt or innocence and represents no evidence favorable to his defense.

## II.

█ The prosecution, on November 2, 1973, filed a motion to endorse additional witnesses. This motion was granted, but the court ordered the prosecution to provide the defendant with ". . . an opportunity to read any reports incorporating the statements of these potential witnesses prior to trial." The district attorney provided counsel for the defendant with an outline and summary of the testimony expected of the late endorsed witnesses. On the day of trial, the defendant complained that he had not received the reports of these witnesses. The prosecution did not have written reports or recorded statements and could, therefore, not give the defendant more than the prosecution's summary of the testimony. *People v. Manier*, 184 Colo. 44, 518 P.2d 811 (1974); *Oaks v. People*, 161 Colo. 561, 424 P.2d 115 (1967); *Hopper v. People*, 152 Colo. 405, 382 P.2d 540 (1963). This allegation of error and the remaining contentions of the defendant are without merit.

Judgment affirmed.