The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

John Annastico VILLA,
Defendant-Appellant.

No. 78–853.

Colorado Court of Appeals,
Div. III.

Oct. 18, 1979.

Rehearing Denied Nov. 8, 1979.

Certiorari Denied Jan. 21, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Kathleen M. Bowers, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Douglas H. Brown, Sp. Deputy Public Defender, Colorado Springs, for defendant-appellant.

VAN CISE, Judge.

Defendant appeals his convictions of aggravated robbery and felony theft. We reverse.

A robbery occurred at a drive-in theater. An automobile with a male driver and a female passenger stopped by the ticket booth. The driver pointed a rifle at the two attendants and told them to place the theater's money in a bag, which they did.

The two employees in the ticket booth and another witness later identified the woman passenger and the automobile used in the theft, and, although a positive identification could not be made because the man's face had been covered, they stated that various features of defendant matched those of the driver. The identified automobile was later found to be registered to defendant and the woman passenger, and a search of defendant's residence conducted pursuant to a search warrant resulted in the seizure of a rifle similar to that used in the robbery, some money, and the automobile registration.

## I.

Defendant first contends that the trial court erred in denying his motion to sup-

press the evidence seized in the search of his residence. Defendant argues that the affidavit supporting the search warrant was defective in that it did not specifically identify the citizen-informants and that it contained false information with respect to the witnesses' identification of defendant. This contention lacks merit.

■ Although the names of the witnesses were not included, the affidavit stated that they were two of the drive-in's employees and one patron. The name and address of the drive-in are clearly stated and only minimal investigation would be necessary to ascertain the citizen-informants' names. There is no "cloak of secrecy" surrounding the witnesses here, and their identity is sufficiently revealed to presume their credibility and reliability as citizen-informants. *People v. Trontell*, 188 Colo. 253, 533 P.2d 1124 (1975). We also do not agree that the affidavit contained a false statement with respect to the witnesses' identification of defendant. Even though the identifications were not positive ones, the witnesses' statements as to similarities between defendant and the robber suffice to support the affidavit's contents.

## II.

■ Defendant next contends that the trial court erred in refusing his tendered jury instruction on witness identification. This instruction was properly refused. The general instruction on witness credibility obviates the need for a separate eyewitness identification instruction. *People v. Lopez*, 182 Colo. 152, 511 P.2d 889 (1973); *see Barr v. People*, 30 Colo. 522, 71 P. 392 (1903).

## III.

Defendant further contends that the court erred in refusing to give an instruction on alibi in substantially the form requested by him. He argues that the alibi instruction given by the court was insufficient in that it failed to state that, as well as proving all elements of the offense, the prosecution is also required to negate the alibi defense beyond a reasonable doubt. We agree.

■ In considering any affirmative defense, once the defendant has presented some credible evidence tending to support the defense, "then the guilt of the defendant must be established beyond a reasonable doubt as to that issue as well as all other elements of the offense." Section 18–1–407, C.R.S.1973 (now in 1978 Repl. Vol. 8); *Wright v. Smith*, 434 F.Supp. 339 (W.D.N.Y.1977). *See Colo. J.I.–Crim.* 7:1. In an alibi situation, unless the court clearly explains that the burden remains on the prosecution, the jury may be given the impression that the burden is on the defendant to prove he was somewhere else, which is not the law. *United States v. Booz*, 451 F.2d 719 (3d Cir. 1971), *cert. denied*, 414 U.S. 820, 94 S.Ct. 45, 38 L.Ed.2d 52 (1973). Therefore, giving the alibi instruction without the necessary explanation as to the prosecution's burden relative thereto was reversible error. *Cf. McGregor v. People*, 176 Colo. 309, 490 P.2d 287 (1971); *Ortega v. People*, 162 Colo. 358, 426 P.2d 180 (1967); *Barr v. People, supra.*

## IV.

Since this case is being remanded for a new trial and it is unlikely that the incident complained about will occur again, we do not address defendant's claim of error in denying his motion for mistrial arising out of certain actions of the jailers toward him in the presence of two of the jurors.

Judgment reversed, and cause remanded for a new trial.

SMITH and STERNBERG, JJ., concur.