William G. PAUKOVICH,
Plaintiff-Appellant,

v.

The COUNTY COURT OF the CITY AND COUNTY OF DENVER and The Honorable Robert B. Crew, Jr., one of the Judges thereof, Defendants-Appellees.

No. 79CA0592.

Colorado Court of Appeals,
Div. I.

April 17, 1980.

Rehearing Denied May 22, 1980.

William W. Webster, P.C., Gary L. McCorkhill, Denver, for plaintiff-appellant.

Max P. Zall, City Atty., Larry L. Bohning, Lee J. Rallis, Asst. City Attys., for defendants-appellees.

SMITH, Judge.

Plaintiff Paukovich appeals a judgment of the district court which upheld the power of the Denver Municipal Court to permit amendment of a "summons and complaint" issued for city ordinance violations. We affirm.

On November 12, 1978, plaintiff was issued a "summons and complaint" which charged that he had violated Denver Revised Municipal Code § 514.3–1, "passing on the left." Plaintiff pled not guilty and the matter was set for trial on February 1, 1979.

On January 22, 1979, the city attorney sought to amend the complaint by adding the charge of careless driving, as defined in Denver Revised Municipal Code § 511.2. The municipal court granted the motion, and plaintiff brought this action in the district court under C.R.C.P. 106, alleging that in the absence of a Colorado municipal court rule or a supreme court approved local rule concerning substantive amendments, the municipal judge was without jurisdiction to grant the motion.

On May 3, 1979, after a hearing, the district court determined that municipal courts have the authority and power to grant substantive amendments to a "summons and complaint" issued in municipal charter or ordinance violation cases. In plaintiff's opening brief, he concedes, and we agree, that a summons and complaint alleging a municipal ordinance violation may be amended as to substance. His sole contention is that this power cannot be exercised by a municipal court in the absence of a local rule. We disagree.

The municipal court rules of procedure, adopted by the Supreme Court of Colorado, govern the procedure in the municipal charter and ordinance violation cases. C.M.C.R. 201. However, the fact that the municipal court had not submitted a proposed rule dealing with amendments to a "summons and complaint" to the Colorado Supreme Court pursuant to C.M.C.R. 257(a) does not mean that the municipal court is without authority to permit amendments. Under C.M.C.R. 257(b), where a procedure is not otherwise specified, a municipal court "may proceed in any lawful manner not inconsistent with these Rules or with any applicable law."

Generally, the power to permit the consolidation of charges, to permit amendments thereto, or to permit the charging party to withdraw any one or more of the charges made, need not be expressly granted as each is inherently a part of the power to receive and hear such charges. Although such powers must be exercised in a manner consistent with procedural due process, they are absolute in the absence of some specific legislative restriction upon their use, or a procedural mandate as to how they should be exercised. Absence of procedural rules as to how such a power should be exercised does not destroy the power, but merely indicates that the manner of its exercise rests in the sound discretion of the court. Cf. Maraggos v. People, 175 Colo. 130, 486 P.2d 1 (1971); C.M.C.R. 257(b).

Therefore, we conclude that the district court did not err in its ruling upholding the power of the municipal court to permit amendments to a "summons and complaint."

The judgment is affirmed.

COYTE and KELLY, JJ., concur.