The **CITY OF ENGLEWOOD, by and on Behalf of the PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**MUNICIPAL COURT IN AND FOR the CITY OF ENGLEWOOD, Colorado; Honorable Louis Parkinson, Judge of said Court; and Lawrence Michael Kubacki, a defendant whose trial is now pending before the Court, Defendants-Appellees.**

No. 83CA1283.

Colorado Court of Appeals,
Div. III.

Aug. 9, 1984.

Rick DeWitt, City Atty., Charles C. Grimm, Asst. City Atty., Englewood, for plaintiff-appellant City of Englewood.

Banta, Hoyt, Banta, Greene, Hannen & Everall, Richard D. Greene, Wade H. Gateley, Englewood, for defendants-appellees Municipal Court and The Honorable Louis Parkinson.

Patrick Kowaleski, Claybourne M. Douglas, Aurora, for amicus curiae, City of Aurora.

METZGER, Judge.

After hearing, the Englewood Municipal Court granted defendant Kubacki's motion pursuant to C.M.C.R. 216(b) for pretrial discovery of the written statement of the City's witness in a shoplifting prosecution. In a C.R.C.P. 106 review, seeking prohibition, the district court affirmed, holding that the municipal court did not abuse its discretion. The City of Englewood appeals, contending that C.M.C.R. 216(b) precludes such discovery and that the municipal court abused its discretion. We affirm.

Defendant Kubacki, charged with shoplifting, sought to obtain a copy of a written statement prepared by a store security guard, the sole eyewitness. The guard wrote the statement pursuant to the store's policy, and later provided it to the City Attorney.

At the hearing on Kubacki's motion for discovery, the City conceded that it could show no prejudice which would result from disclosure. The City argued, however, that C.M.C.R. 216(b) necessarily makes such statements non-discoverable until the witness has testified. The municipal court, which conducted two lengthy hearings on the matter, held that C.M.C.R. 216(b) imposed no such limitation and ordered that the security guard's statement be made available to defendant prior to trial.

Although we have held that a defendant's unreasonable and oppressive discovery requests pursuant to C.M.C.R. 216(a) are properly denied, *Clary v. County Court*, 651 P.2d 908 (Colo.App.1982), we have not directly addressed whether a municipal court's discretion to grant discovery goes beyond that discovery guaranteed of right by C.M.C.R. 216(b).

C.M.C.R. 216(b) provides:

"After a witness called by the prosecution has testified on direct examination, the court shall on motion of the defendant order the prosecution to produce any statement of the witness in its possession or under its control which relates to the subject matter to which the witness has testified. If the entire contents of any such statement related to the subject matter of the witness's testimony, the court shall order it to be delivered directly to the defendant for his examination and use."

The municipal rules are otherwise silent on discovery of witnesses' statements. The City maintains that such discovery in the municipal court is absolutely limited by this provision. We disagree.

■ The municipal rules by their own terms are intended "to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay." C.M.C.R. 202. To this end they are to be read as a whole and liberally construed. *Patterson v. Cronin*, 650 P.2d 531 (Colo.1982); *see Rowe v. Watered Down Farms*, 195 Colo. 152, 576 P.2d 172 (1978).

Consonant with this purpose, and contrary to the City's contention that any procedure not expressly authorized in the rules is prohibited, the rules further provide:

"If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these Rules or with any applicable law." C.M.C.R. 257(b); *see also* C.M.C.R. 257(a).

We have held, based on this provision, that a municipal court has the power to permit amendments to a summons and complaint even though no such power is granted expressly in the rules. *Paukovich v. County Court*, 44 Colo.App. 208, 615 P.2d 54 (1980). In *Patterson v. Cronin, supra*, our Supreme Court held that Denver's practice of attaching a summons and complaint to the windshield of unattended vehicles is proper notice of a parking violation, even though C.M.C.R. 206(f) does not specifically allow that procedure. Under a consistent interpretation of the rules read in their entirety, that rationale applies to a court's discovery powers as well. *Cf. Peo-*

*ple ex rel. Shinn v. District Court,* 172 Colo. 23, 469 P.2d 732 (1970).

The City argues that defendant should not be permitted to see the main evidence against him prior to trial. To adopt such a restrictive approach would be to deny defendant fundamental fairness in preparing an adequate defense. *See People v. Velasquez,* 641 P.2d 943 (Colo.1982).

"Trial by ambush is no longer acceptable as a means for ascertaining the truth." *People v. Roblas,* 193 Colo. 496, 568 P.2d 57 (1977). Liberal discovery procedures in criminal cases are to be encouraged so as to avoid surprise or deception in the production of evidence, since:

> "The trial of a criminal case is not a game of fox and hounds in which the state attempts to outwit and trap a quarry. *Giles v. Maryland,* 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967) (Fortas, J., concurring). It is, instead, a sober search for truth, in which not only the resources of the defendant, but those readily available to the state must be put to work in aid of that search." *Garcia v. District Court,* 197 Colo. 38, 589 P.2d 924 (1979).

Furthermore, if the court's power to order discovery were to be interpreted as strictly as the City urges here, a defendant would be entitled to a recess every time a prosecution witness testifies in order to examine that witness' statement, to prepare cross-examination, and, perhaps, to conduct further investigation. Such a procedure, especially where a jury trial is involved, would be completely inconsistent with judicial economy. C.M.C.R. 202; *Patterson v. Cronin, supra.*

Thus, we conclude that a municipal court has the discretion to order pretrial discovery of the statements of prosecution witnesses to the extent necessary to promote judicial economy and fundamental fairness. Here, that discretion was not abused since the discovery sought was a statement by the sole eyewitness to the alleged offense, the request for disclosure was timely made at a pretrial hearing, and the prosecution could make no showing of prejudice resulting from that disclosure.

The judgment of the district court is affirmed and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

KELLY and TURSI, JJ., concur.