The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

John Francis **HUCKLEBERRY,** Defendant-Appellant.

No. 84CA1274.

Colorado Court of Appeals, Div. I.

Dec. 4, 1986.

Rehearings Denied Dec. 31, 1986.

Certiorari Granted (People) May 26, 1987.

Certiorari Denied (Huckleberry) May 26, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Claire Levy, Deputy State Public Defender, Denver, for defendant-appellant.

TURSI, Judge.

The defendant, John Francis Huckleberry, appeals a judgment of conviction entered on a jury verdict finding him guilty of first degree murder after deliberation. Defendant asserts the trial court erred: (1) by failing to give an instruction on the affirmative defense of alibi; (2) by refusing individual *voir dire* on the jurors' exposure to pretrial publicity; and (3) by admitting hearsay statements of the victim. We reverse.

The victim was the defendant's wife. Her body was found lying in the snow near her car. The scene suggested she had been changing a flat tire on her car by the roadside when she was run over by a truck. However, in the opinion of the police accident reconstruction expert, the victim was already lying on the ground when she was run over. The prosecution alleged she had been incapacitated, placed in the snow, and then deliberately run over. The tire tracks at the scene were matched to a truck from the car dealership where the defendant was employed.

## I

The defendant first asserts the trial court committed reversible error by failing to give a jury instruction on the affirmative defense of alibi. We agree.

The defendant tendered an instruction based on alibi as an affirmative defense. The trial court ruled that alibi was not an affirmative defense but instead was a subpart of the defendant's theory of the case. On this basis, it denied the defendant the separate jury instruction. The trial court offered to instruct the jury that it was defendant's position that there was evidence introduced that he was not present at the time and place where the crime was alleged to have been committed, but it refused to instruct on alibi as an affirmative defense. The defendant objected to the trial court's offered instruction, contending the jury could interpret it as shifting the burden to the defendant to prove the alibi defense. No instruction on alibi was given to the jury.

■ The defense of alibi is an affirmative defense. *People v. Rex*, 689 P.2d 669 (Colo.App.1984); *People v. Villa*, 43 Colo. App. 284, 605 P.2d 481 (1979). Here, the defendant filed notice he would present an alibi defense and presented credible evidence tending to support the alibi. Therefore, it was the duty of the trial court to instruct the jury that the People had the burden to refute the alibi beyond a reasonable doubt. Section 18–1–407, C.R.S. (1986 Repl.Vol. 8B); *People v. Rex, supra; People v. Villa, supra.* Hence, the trial court committed reversible error in failing to so instruct the jury. On retrial, it should be guided by *COLJI Crim.* No. 7:01 (1983) when instructing on the alibi defense. *People v. Rex, supra.*

Since this matter must be remanded for retrial, we address defendant's other allegations of error which may arise at that time.

## II

The defendant contends the trial court erred by admitting hearsay testimony which related statements the victim made. We agree.

The People called as a witness a friend of both the victim and the defendant. This witness testified that the day after the victim was killed, she had a telephone and a personal conversation with the defendant. She stated that, in the course of these conversations, she had informed the defendant that, on the evening she was killed, the victim had told the witness that the defendant had had a flat tire in the victim's car and that the victim was driving a truck the defendant had obtained for her from the car dealership where he worked. The defendant disputed the factual basis of the statements and asked the witness not to tell anybody about the statements the victim had related to her. Specifically, the defendant asked the witness not to tell anybody about the victim's statements regarding the truck. Defendant stated that if she told police about the victim's statements concerning the truck, they would "hang him for sure."

■ Defendant contends that the statements made by the victim to the witness are inadmissible hearsay. We agree that, under the state of the record before us and the rules of evidence applicable at the time of defendant's trial, the statements were not admissible.

Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted. CRE 801(c); *People v. Madson*, 638 P.2d 18 (Colo.1981). However, statements are not hearsay if they are admitted for the purpose of establishing the effect of the words on the mental or emotional state of the person hearing them. Such statements are offered not to prove the truth of the matter asserted but rather to establish the state of mind of the hearer when it is an issue in the case (e.g., threats made by a victim to the defendant). *People v. Madson, supra; People v. Gladney*, 194 Colo. 68, 570 P.2d 231 (1977), *cert. denied*, 434 U.S. 1038, 98 S.Ct. 776, 54 L.Ed.2d 787 (1978). Here, the effect the words had on the friend's mental or emotional state was not at issue. Therefore, the statements were admitted to prove the truth of the matter asserted and are hearsay.

■ The trial court admitted the evidence under the state of mind exception, CRE 803(3), and to enable the jury to understand the nature of the conversation

between the friend and the defendant. These statements are not admissible under the state of mind exception. The People contend the statements show the state of mind of the witness in her later conversation with the defendant. However, the rule requires the statement show the declarant's, *i.e.*, the victim's, then existing state of mind. CRE 803(3); *People v. Madson, supra.*

The People also contend the statements are admissible under the "rule of completeness" as defined in *Callis v. People,* 692 P.2d 1045 (Colo.1985). However, *Callis* rejected the "rule of completeness" as initially adopted in *McRae v. People,* 131 Colo. 305, 281 P.2d 153 (1955). And, the *Callis* rule of relevancy does not extend to a determination of whether hearsay statements by a third party are admissible to clarify an extrajudicial statement by the defendant.

However, in light of the trial court's determination that the statements were necessary to assist the jury, the statements may be probative in assessing the meaning of the defendant's statements. Therefore, we leave open the question of whether the statements may be admitted under CRE 804(b)(5), which became effective April 1, 1985. *See* 4 J. Weinstein & M. Berger, *Evidence* ¶ 804(b)(5)[01] (1985); *U.S. v. Van Lufkins,* 676 F.2d 1189 (8th Cir.1982).

### III

The defendant asserts the trial court erred in refusing to allow defendant to *voir dire* individually all prospective jurors concerning exposure to pretrial publicity. Under the circumstances here, we disagree.

The defendant made a pretrial motion requesting individual *voir dire* of the entire venire panel in chambers to determine their exposure to pretrial publicity. The trial court denied the motion. During *voir dire,* seven veniremen who served on the jury stated they had read or heard about the case. Once these facts were established, the defendant failed to request individual *voir dire* of these veniremen in chambers or to challenge them for cause.

 Restrictions placed on the scope of *voir dire* examination by the trial court are within its discretion and will not be reversed absent an abuse of that discretion. *People v. Saiz,* 660 P.2d 2 (Colo.App.1982). Here, inasmuch as defendant did not pursue the issue of the effects of pretrial publicity on those potential jurors who admitted exposure thereto, we perceive no abuse of discretion by the trial court.

We have considered and rejected the defendant's remaining arguments.

The judgment of the trial court is reversed, and the cause is remanded for new trial to be held in accordance with this opinion.

PIERCE and CRISWELL, JJ., concur.