The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Zannie E. MONTGOMERY,
Defendant-Appellant.

No. 85CA1270.

Colorado Court of Appeals,
Div. I.

July 2, 1987.

Rehearing Denied Aug. 20, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David R. Little, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Janet Fullmer Youtz, Lynda H. Knowles, Deputy State Public Defenders, Denver, for defendant-appellant.

TURSI, Judge.

The defendant, Zannie E. Montgomery, appeals the judgment of conviction entered on a jury verdict finding him guilty of one count of sexual assault and one count of crime of violence. He asserts the trial court erred: 1) by denying his challenge for cause to a potential juror; 2) by refusing to allow him to recross-examine the prosecution's investigator; 3) by failing to remove the victim from the courtroom when she began to cry during defense counsel's closing argument; and 4) by failing to instruct the jury *sua sponte* on the affirmative defense of alibi. We affirm.

The victim testified that while she was walking home, she accepted a ride from the defendant, a man she did not know. He turned into an apartment building parking lot, locked the car doors, pulled a knife, and told her she was going to "make love" or he would kill her, and then assaulted her.

The defendant testified that he was home at the time of the alleged sexual assault. His testimony was corroborated by four other witnesses who testified that he was at home that evening. The defendant also testified he knew the victim; that they had had sexual intercourse about six times before the date of the asserted assault; that when the victim told him she was pregnant, he denied he was the father and she told him he was going to "pay for it."

## I

The defendant first asserts the trial court abused its discretion by denying his challenge for cause to a potential juror. We disagree.

During voir dire, the potential juror indicated to the trial court that he was self-employed, and that it was a very busy time for his business. He also stated that he would be worried about his business and would be distracted during the three-day trial, and might try to reach a verdict quickly. In response to further questioning, he expressed a fear that he would not devote his full attention to the case.

The trial court refused to excuse the potential juror for cause, determining that the juror was trying to avoid his duty to serve since it might cause him financial loss. The defendant removed him by exercising a peremptory challenge. The defendant exhausted his peremptory challenges.

The defendant contends the potential juror's statements show he had a state of mind that would make him unable to render a fair and impartial verdict based upon the evidence and in accordance with the instructions of law.

It is within the trial court's discretion to reject a challenge for cause to a potential juror. Absent an abuse of that discretion, its decision will not be disturbed on appeal. *People v. Russo,* 713 P.2d 356 (Colo.1986).

■ Here, the potential juror gave no response which would indicate enmity or bias to either the defendant or to the state, nor a reluctance to base his decision on the law and the evidence. Therefore, we conclude the trial court did not abuse its discretion. *See People v. Abbott,* 690 P.2d 1263 (Colo.1984).

## II

The defendant next asserts the trial court erred by denying his request to re-cross-examine the prosecution's investigator to rebut the prosecution's implication that he had manufactured his alibi. We disagree.

In rebuttal to the testimony of defendant's alibi witnesses, the prosecution called its investigator who had interviewed them. On direct examination, he testified that one of the witnesses gave the defendant an alibi for the wrong night and the other witnesses would not speak with him. On cross-examination, the defendant challenged the investigator's methods, establishing that he had conducted phone rather than personal interviews with the alibi witnesses and had not interviewed them until five months after the incident. On redirect, the investigator testified the prosecution did not receive the list of defendant's alibi witnesses until five months after the incident.

The defendant intended to rebut the implication that he had manufactured his alibi with recross-examination showing the prosecution had continued the case several times which pushed back the defendant's deadline for submitting the witness list. The trial court denied the recross-examination ruling such testimony was of little relevancy and would cause undue waste of time. *See* CRE 403.

Trial courts have broad discretion in controlling cross-examination and the extent of the presentation of evidence, and their rulings in this regard will not be disturbed on appeal absent a clear abuse of discretion. *People v. Cole,* 654 P.2d 830 (Colo.1982); *People v. Walker,* 666 P.2d 113 (Colo.1983).

■ Since the defendant's discovery deadline for submitting a witness list was a collateral matter, the trial court did not abuse its discretion in refusing recross-examination.

## III

The defendant also contends the trial court abused its discretion in not removing the victim from the courtroom when she began to cry during the defense counsel's closing argument thereby distracting the jury and in not granting a mistrial because of that incident. We disagree.

■ The defendant's right to a fair trial includes the right to a trial free from audience demonstrations which may intimidate

or prejudicially affect the jury. *People v. Thatcher*, 638 P.2d 760 (Colo.1981). And, although when the incident at issue here occurred, the defendant did not request a mistrial, he nevertheless now argues that the trial court should have *sua sponte* applied the standards for granting mistrials and should have concluded that a mistrial was required.

It is only in extraordinary circumstances that a mistrial is necessary to prevent an injustice from resulting because of an extraneous event in the courtroom. *People v. Thatcher, supra.* Further, the grant or denial of a mistrial is left to the discretion of the trial court which is in the best position to judge the affect the impropriety might have on the jury. *People v. Thatcher, supra.*

Here, the only evidence in the record showing that the jury was distracted was defense counsel's statement that some of the jurors looked at the victim. However, at the time the victim began to cry, defense counsel was referring to her as an emotionally upset 16–year old girl, thus drawing the jury's attention to her. This is not such an extraordinary circumstance that it would lead to injustice if mistrial were not granted. Therefore, we conclude the trial court was within the bounds of its discretion in not removing the victim from the courtroom and in not, *sua sponte*, granting a mistrial.

## IV

Finally, the defendant maintains the trial court erred by failing to instruct the jury *sua sponte* on the affirmative defense of alibi since there was evidence to support such an instruction. Again, we disagree.

We must review the defendant's contention under the plain error standard since he did not submit a jury instruction on alibi nor otherwise object to the jury instructions the trial court gave. Under that standard, the defendant must demonstrate not only that the instruction affected a substantial right, but also that the record reveals a reasonable possibility that the error contributed to his conviction. *People v. Rubanowitz*, 688 P.2d 231 (Colo.1984).

The defendant contends that alibi was his principal defense at trial and that the defense of alibi requires the prosecution to prove beyond a reasonable doubt the defendant's alibi is not true. He cites *People v. Huckleberry*, 738 P.2d 17 (Colo.App. 1986) (*cert. granted*, May 26, 1987), and argues that Colorado law gives the defendant the right to an instruction explaining the prosecution's burden to refute defendant's alibi beyond a reasonable doubt.

However, we conclude *Huckleberry* is inapposite. There, the defendant had properly filed his notice of alibi and tendered a jury instruction on alibi that was rejected by the trial court. Here, the defendant not only failed to provide notice of the defense of alibi as required by § 16–7–102, C.R.S. (1986 Repl.Vol. 8A), he also failed to request an instruction on alibi. Since he did not properly present this affirmative defense, the failure of the trial court, *sua sponte*, to instruct on alibi was not plain error.

Judgment affirmed.

SMITH and BABCOCK, JJ., concur.