2016 CO 20

Supreme Court Case No. 15SA165
Original Proceeding Pursuant to C.A.R. 21
District Court, City and County of Denver, Case No. 14CR2118
Honorable Elizabeth A. Starrs, Judge

 

In Re
 Plaintiff:

The People of the State of Colorado,
 v.
 Defendant:
Saul Chavez.

 

Rule Made Absolute

en banc
 
April 18, 2016

 
Attorneys for Plaintiff:
Mitchell R. Morrissey, District Attorney, Second Judicial District 
Robert J. Whitley, Deputy District Attorney

Denver, Colorado

Attorneys for Defendant: 
Edward Dale Parrish PC 
Dale Parrish
Todd Narum

Golden, Colorado

Attorney for Amici Curiae Rocky Mountain Victim Law Center and National Crime Victim Law Institute:
Kathleen M. Dwyer 
Denver, Colorado
 
CHIEF JUSTICE RICE delivered the Opinion of the Court. 
JUSTICE GABRIEL concurs in the judgment.
¶1       In this original proceeding, we are asked to decide whether a trial court has the authority to grant a defendant’s discovery motion seeking access to the private residence of a non-party—here, the alleged victim.[1] Because the trial court lacked the authority to order such access, we hold that it abused its discretion. We therefore make the rule absolute.

I. Facts and Procedural History

¶2       The defendant, Saul Chavez, has been charged with one count of sexual assault. The alleged victim lives in a home with other members of her family. The People allege that Chavez, a family friend, had been allowed to stay the night at the victim’s house after drinking alcohol late into the evening. The People further allege that Chavez entered a bedroom where the victim was asleep, where he engaged in sexual intercourse with her, without her consent, while she was physically helpless.
¶3       On December 23, 2014, Chavez filed a motion requesting court-ordered access to the home—the scene of the alleged crime. He argued that he needed access in order to "be able to investigate and photograph the property for his defense." Chavez cited Crim. P. 16(I)(d) in support of his motion, arguing that, under that rule, the court had "discretionary power" to order the disclosure of "relevant material and information."
¶4       The People argued to the trial court that Chavez had not shown that a visit to the scene "would assist in resolving any of the issues." They noted that "this is a case which does not involve an unlawful entry into the home" and asserted that Chavez had already been given "a detailed floor plan of the home." Additionally, the People informed the court that "the victim has chosen not to share the fact that she was sexually assaulted with members of her family who live with her at the home."
¶5       The trial court granted Chavez’s motion for access to the home. In so doing, it followed the court of appeals’ then-recent decision in People in the Interest of E.G., 2015 COA 18, ¶ 15, __ P.3d __, overruled by People in the Interest of E.G., 2016 CO 19, __ P.3d __. In reliance on that decision, the trial court held that Chavez had shown that access to the home was "relevant, material, and necessary" to his defense and that he was therefore entitled to access it "in order to prepare his defense." Id. 
¶6       The People petitioned this court for an order to show cause under C.A.R. 21, and we agreed to review the district court’s order.

II. Standard of Review

¶7       Generally speaking, appellate courts will review a trial court’s discovery order in a criminal case for abuse of discretion. Crim. P. 16(I)(d)(1); People ex rel. Shinn v. Dist. Ct., 469 P.2d 732, 733–34 (Colo. 1970). A trial court abuses its discretion if it exceeds the bounds of its legal authority. See Spahmer v. Gullette, 113 P.3d 158, 164 (Colo. 2005). Thus, the precise question we are faced with today—whether a trial court has the authority to order a third party (here, the alleged victim) to open her home to the defendant—presents a legal question that is subject to de novo review. See Stackhouse v. People, 2015 CO 48, ¶ 4, __ P.3d __.
¶8       Under C.A.R. 21, we will review a trial court’s order only where "the normal appellate process would prove inadequate." Warden v. Exempla, Inc., 2012 CO 74, ¶ 16, 291 P.3d 30, 34. This is certainly such a case. If the defendant were erroneously allowed to access the alleged victim’s home, the damage to her privacy rights would be irreparable.

III. Analysis

¶9       The People argue that the court of appeals’ decision in E.G., 2015 COA 18, was wrongly decided and that the trial court had no authority to order that Chavez be granted access to the alleged victim’s private home. They contend that neither the Constitution nor the rules of criminal procedure grant a trial court the ability to order defense access to a non-party’s[2] home.
¶10       Today we have overruled the court of appeals’ decision in E.G., 2015 COA 18. See E.G., 2016 CO 19. As we explain there, a trial court lacks authority to order defense access to a third party’s private home that is not in the possession or control of the government. E.G., 2016 CO 19, ¶¶ 30–32. Similarly, the trial court here lacked authority to grant Chavez access to the alleged victim’s home. Given our decision in E.G., 2016 CO 19, the trial court’s order, issued in reliance on the court of appeals’ now-overruled opinion, cannot stand. We therefore make the rule to show cause absolute.
¶11       Under the circumstances presented here, neither the United States Constitution, the Colorado Rules of Criminal Procedure, nor any statute provides the trial court with authority[3] to grant Chavez access to the alleged victim’s home without her consent. Accordingly, the trial court had no authority to issue such an order and Chavez’s motion should have been denied. See E.G., 2016 CO 19, ¶¶ 30–32.
¶12       We therefore make the rule absolute and remand for further proceedings consistent with this opinion.

[1] Specifically, we issued a rule to show cause to address "whether the district court exceeded its jurisdiction or abused its discretion when it granted the defendant’s motion for access to the victim’s home, against the victim’s will, to investigate."
[2] While a crime victim has a number of rights, including the right to be present for "critical stages of the criminal justice process," § 24-4.1-302.5, C.R.S. (2015); Colo. Const. art. II, § 16a, a victim is not a party and has no standing beyond the rights specifically granted by statute and the Colorado Constitution. Gansz v. People, 888 P.2d 256, 258 (Colo. 1995).
[3] We note that, were the crime scene to be in the possession or control of the prosecutor or another government entity, our analysis of the issues would likely be very different.
 
 
JUSTICE GABRIEL, concurring in the judgment.
¶13       For the reasons set forth in my concurrence in People in the Interest of E.G., 2016 CO 19, ¶¶ 37–56, __ P.3d __ (Gabriel, J., concurring), I believe that in an appropriate case, a defendant’s due process right to a fair trial requires that he or she be given the right to access a crime scene that is under a third party’s control and that in such a case, the court is empowered to order access to the crime scene through its inherent right to enforce its jurisdiction.
¶14       Accordingly, in my view, the defendant, Saul Chavez, had a due process right to access the crime scene in this case, subject to three conditions. First, he had to give notice to the alleged victim and to the People of his request for access, and both the alleged victim and the People had to be given an opportunity to be heard with respect to his request. Id. at ¶ 48 (Gabriel, J., concurring). Second, he had to establish (1) a substantial basis for believing that the proposed inspection and observation would produce evidence that was relevant and material to his defense or that would allow him meaningfully to defend against the pending charges and (2) that his right of access was not outweighed by the alleged victim’s constitutional right to privacy. Id. Third, any right of access would be subject to such reasonable limitations and restrictions as the trial court may deem necessary, including time limits for the inspection, restrictions as to where within the premises the defense team may investigate, and limits as to who may participate in the inspection (e.g., defense counsel and an expert or investigator but not Chavez himself). Id. 
 
¶15       Here, I do not believe that Chavez satisfied this standard. He did not specify why the evidence sought was necessary to his defense. Nor did he explain with any specificity why viewing and photographing the crime scene was necessary. To the contrary, his request asserted no more than that statements made by the alleged victim and unspecified information available to him were somehow contradictory, such that he needed to be able to compare the alleged victim’s account with the physical residence and evidence contained therein. In my view, such general and conclusory assertions were insufficient to overcome the alleged victim’s right to privacy, particularly when, as here, the People showed that the alleged victim had chosen not to share the circumstances of the claimed assault with family members who lived in the home with her.
¶16       I am not persuaded otherwise by Chavez’s suggestion that access to the crime scene was necessary to allow him to explore the sound dynamics in the home. Chavez did not make this argument until he responded in the trial court to the People’s motion for reconsideration, in which the People had pointed out that Chavez’s request for access was devoid of any specifics or supporting information. In my view, even if Chavez’s belated argument could properly be considered, it was again too general and conclusory to overcome the alleged victim’s undisputed right to privacy.
¶17       For these reasons, like the majority, I would make the rule absolute, but I would do so on different grounds. I therefore respectfully concur in the judgment only.